■ Eugene Sroka, Appellant, v Municipal Civil Service Commission of the City of Buffalo et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Petitioner was formerly a patrolman in the Buffalo Police Department. He was convicted of the misdemeanor of conspiracy in 1969 and removed from office by order of the Commissioner of Police on the day of the conviction (see Public Officers Law, § 30, subd 1, par e). His conviction was reversed on appeal and the indictment was dismissed (see *People v Sroka,* 32 AD2d 463). He thereafter brought this petition seeking reinstatement and back pay. Section 30 (subd 1, par e) of the Public Officers Law provides that an office shall be vacant upon the incumbent's conviction of a felony or a crime involving a violation of the oath of office. Petitioner contends that conspiracy to commit bribery and grand larceny (the charges involved in his conviction) is not a crime involving a violation of his oath of office as a policeman. We disagree. Conspiracy to bribe is no less a violation of the oath of office than the acceptance or giving of the bribe itself, and the crime of which petitioner was convicted falls within the terms of the statute. Upon petitioner's conviction his office was vacated immediately by operation of law, not as a matter of punishment to him, but because the term of office was limited by statute and terminated upon the happening of the event *(Matter of Obergfell,* 239 NY 48; and, see, *Hendon v Board of Educ.,* 281 NY 757). The subsequent reversal of the conviction and dismissal of the indictment may have removed petitioner's disability to hold office but it could not entitle him to reinstatement with back pay. Petitioner alleges that the removal is unconstitutional. As noted, petitioner was not removed from office; his term expired. The Legislature may fix the terms of office when no contrary provision is made in the constitution (NY Const, Art XIII, § 6), and it has done so by the Public Officers Law. The provision is constitutional (see *Hendon v Board of Educ., supra).* (Appeal from judgment of Erie Supreme Court—art 78.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.