■  In the Matter of RICHARD HODGSON, Appellant, v ROBERT J. Mc-GUIRE, as Police Commissioner of the City of New York, et al., Respondents. —Judgment, Supreme Court, New York County, entered May 3, 1979, dismissing the petition challenging respondent's determination which dismissed petitioner from the New York City Police Department, unanimously affirmed, without costs or disbursements. On June 30, 1976, petitioner, a police officer, entered a plea of guilty to the crime of official misconduct (Penal Law, § 195.00), a class A misdemeanor, for accepting $350 from an undercover police officer, and was subsequently sentenced to 60 days' imprisonment. On October 21, 1976, the police commissioner, citing subdivision a of section 434a-14.0 of the Administrative Code of the City of New York as his authority, dismissed petitioner from the police department without a hearing. No mention was made of section 30 (subd 1, par e) of the Public Officers Law which provides for an automatic forfeiture of office upon a public officer's conviction of a felony, or a crime involving a violation of his oath of office. Police officers are public officers. *(Cateline v McClellan,* 282 NY 166, 170, and cases cited therein.) The underlying crime, although not a felony, involved a violation of petitioner's oath of office. (See *Sroka v Municipal Civ. Serv. Comm. of City of Buffalo,* 57 AD2d 1064.) Because of the strong public policy in favor of vacating the office of a public officer convicted of a violation of his oath of office (see *Matter of Toro v Malcolm,* 44 NY2d 146, 150), forfeiture was not waived by respondent's failure to invoke the statute at the time of petitioner's dismissal or to assert it in the original CPLR article 78 proceeding, as a result of which the matter was remanded for a hearing on penalty. Because the office was automatically vacated no hearing was required. Even were the Public Officers Law inapplicable, we would agree with Special Term that the penalty of dismissal was proper, and hardly disproportionate to the offense or shocking to one's sense of fairness. *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, and cases cited therein.) Petitioner's other contention is without merit. Concur—Birns, J. P., Sandler, Sullivan, Ross and Silverman, JJ.