In the Matter of JOSEPH J. PESALE, Respondent, v AUGUSTUS A. BEEKMAN, as Fire Commissioner of the Fire Department of the City of New York et al., Appellants, and THOMAS F. REILLY et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the appellant fire commissioner, which, after a departmental hearing, dismissed petitioner from the New York City Fire Department, and to compel the commissioner to reinstate petitioner in order to allow him to retire with pension benefits, the appeal is from a judgment of the Supreme Court, Kings County, dated April 14, 1980, which granted the petition. Judgment reversed, on the law, without costs or disbursements, determination confirmed and proceeding dismissed on the merits. In satisfaction of an indictment charging petitioner, *inter alia,* with four separate incidents of bribe receiving in the second degree, petitioner entered a plea of guilty to one count of receiving an unlawful gratuity (Penal Law, § 200.35). Thereafter, two separate departmental hearings were held, as the result of which petitioner was dismissed from the fire department. Petitioner commenced the instant article 78 proceeding seeking reinstatement and reinvestment of his pension rights pursuant to the agreement reached after the first departmental hearing. Special Term granted the petition. Appellants assert for the first time on appeal, however, that pursuant to section 30 (subd 1, par e) of the Public Officers Law, upon petitioner's conviction of receiving an unlawful gratuity, which it is argued involves a violation of the oath of office, petitioner's position automatically became vacant. Consequently the subsequent departmental hearings were nullities and petitioner is not entitled to reinstatement. Petitioner argues that this contention may not be raised for the first time on appeal. However, we hold that in view of the unequivocal statutory directive that an officer's position will automatically be vacated upon his conviction of a crime involving a breach of his oath of office and the strong public policy in favor of effectuating the mandate of the statute, appellants' failure to previously raise the argument that petitioner had lost his position automatically prior to the departmental hearings will not preclude its assertion at this time. (See *Matter of Hodgson v McGuire,* 75 AD2d 763.) Petitioner, nevertheless, argues that the instant conviction would not trigger the automatic termination provisions of section 30 (subd 1, par e) of the Public Officers Law as it does not involve a violation of his oath of office. We reject this contention as well. The purpose of section 200.35 of the Penal Law is to prohibit "'Tipping' a public servant [which] undermines the integrity of governmental administration" (Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 200.35, p 426). There can be little question that with this purpose in mind, a conviction of receiving unlawful gratuities is

one involving a violation of a uniformed officer's oath of office. Finally, petitioner suggests that he had pleaded guilty to the misdemeanor count under the mistaken assumption that he would remain entitled to pension benefits. Assuming, *arguendo,* that this misapprehension of his rights might entitle him to withdraw his plea of guilty, the vacatur of his plea would not affect the automatic forfeiture required by statute. (See *Matter of Toro v Malcolm,* 44 NY2d 146, 149-150, cert den 439 US 837; cf. *Matter of Chaipis v State Liq. Auth.,* 44 NY2d 57, 65.) Petitioner's office became vacated automatically upon his conviction of receiving unlawful gratuities; the subsequent departmental proceedings relating to the already vacated office were without effect and the determination dismissing petitioner must be reinstated. Hopkins, J.P., Titone, Lazer and Cohalan, JJ., concur.