Robert D. Wilcox, Esq. Corporation Counsel, Rensselaer
You informed us that the mayor of your city has been convicted of the crimes of "official misconduct" and "obstructing governmental administration". Your questions are whether these convictions create a vacancy in the office of mayor, and if so, whether the vacancy occurs at the moment of the jury verdict of guilt, notwithstanding that no sentence has been imposed and an appeal of the convictions has been filed.
Section 30(1)(e) of the Public Officers Law provides that a public office becomes vacant upon the conviction of the incumbent "of a felony or a crime involving a violation of his oath of office". The Penal Law defines a "crime" as a misdemeanor or a felony (§ 10[6]). The mayor was convicted of "official misconduct" and "obstructing governmental administration", both class A misdemeanors (id., §§ 195.00 and 195.05). Under section 30(1)(e) of the Public Officers Law, the question becomes whether either of these crimes involves a violation of the mayor's oath of office.
The mayor pledged the following in his oath of office:
 "I do solemnly swear, that I will support the Constitution of the United States and the Constitution of the State of New York; and that I will faithfully discharge the duties of the office of Mayor according to the best of my ability."
(This is the oath of office for public officers required by Article XIII, section 1 of the State Constitution. The oath taken by the mayor included additional language not relevant to this inquiry.)
A person is guilty of official misconduct:
 "* * * when, with intent to obtain a benefit or to injure or deprive another person of a benefit:
 "1. He commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized; or
 "2. He knowingly refrains from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office." (Penal Law, § 195.00.)
A person is guilty of obstructing governmental administration:
 "* * * when he intentionaly obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act." (Id., § 195.05.)
The informations filed against the mayor indicate that the basis for the charges against him was that he called a city alderman and said, "* * * there is a resolution regarding my signature on checks of the City being introduced tonight, and if you don't block that resolution, your brother * * * will be fired in the morning".
In Hodgson v McGuire, 75 A.D.2d 763 (1st Dept, 1980), a police officer entered a plea of guilty to the crime of "official misconduct" (class A misdemeanor) for accepting $350 from an undercover police officer. The Appellate Division decided that the underlying crime involved a violation of the officer's oath of office and under section 30(1)(e) of the Public Officers Law resulted in the automatic vacating of the office. It has been determined that convictions for "conspiracy to commit bribery" and "receiving an unlawful gratuity", both misdemeanors, involved violations of the officer's oath of office (Sroka v Municipal Civil ServiceCommission of the City of Buffalo, 57 A.D.2d 1064 [4th Dept, 1977];Pesale v Beekman, 81 A.D.2d 590 [2d Dept, 1981] order affd for reasons stated by the App. Div., 54 N.Y.2d 707 [1981]). In the latter case, the Appellate Division reasoned that there can be little doubt that a crime undermining the integrity of government is one involving a violation of the guilty officer's oath of office.
The crime of official misconduct consists of either the commission of an act known to be unauthorized or knowingly refraining from performing a duty of one's office, with intent to obtain a benefit or to injure or deprive another person of a benefit (Penal Law, § 195.00). One obstructs governmental administration by intentionally obstructing, impairing or perverting the administration of law or other governmental function or by preventing or attempting to prevent another public servant from performing an official function by means of intimidation, physical force, interference, or by means of any independently unlawful act (id.,
§ 195.05). We believe it is apparent that the crimes of official misconduct and obstructing governmental administration would tend to undermine the integrity of government, and would, therefore, involve a violation of the guilty officer's oath of office (Pesale v Beekman,supra). Further, in our opinion, the mayor, having been found guilty of these crimes, would, under the statutory definition of their elements, have failed to faithfully discharge the duties of his office, thereby violating the express terms of his oath of office. Upon the conviction of the mayor of these crimes involving violations of his oath of office, a vacancy in office occurred automatically by operation of section 30(1)(e) of the Public Officers Law.
Next you ask whether the vacancy occasioned by operation of section30(1)(e) of the Public Officers Law occurs at the moment of the jury finding of guilt, notwithstanding that no sentence has been imposed and an appeal of the conviction has been filed. Section 30(1)(e) provides that a public office becomes vacant upon the conviction of the incumbent of a felony or a crime involving a violation of his oath of office. It has been decided that a "conviction", as used in section 30(1)(e), occurs upon a verdict of guilty or the entry of a plea of guilty (Matter ofGunning v Codd, 49 N.Y.2d 495 [1980]). The time of the conviction is not delayed until sentencing (ibid.). Once a jury decides, beyond a reasonable doubt, that a felony or a crime involving a violation of an officeholder's oath of office has been committed, the office becomes vacated immediately by operation of law (ibid.). Once an office becomes vacant, the contingency of reversal of the judgment of conviction does not defeat the operation of the statutory directive (Matter ofObergfell, 239 N.Y. 48 [1924]; Matter of Toro v Malcolm, 44 N.Y.2d 146,150 [1978], cert denied 439 U.S. 837 [1978]). Therefore, the fact that an appeal has been filed has no effect upon the vacancy created by operation of law upon the occurrence of the conviction (ibid.).
We conclude that upon the conviction of a mayor of a city of the crimes of official misconduct and obstructing governmental administration, the office becomes vacant automatically by operation of law. The conviction occurs at the time of the jury verdict of guilt or the entry of a plea of guilty, notwithstanding that no sentence has been imposed and that an appeal has been filed.