OPINION OF THE COURT
Howard A. Zeller, J.
Plaintiff, County of Broome, in its complaint in this action asks this court to declare the position of election commissioner held by defendant Joseph Conte vacant, to enjoin Mr. Conte from acting as election commissioner, and to authorize the Broome County Legislature to appoint a successor to serve the remainder of his term. Mr. Conte, by answer, requests a dismissal of the complaint and, by a counterclaim, seeks a money judgment against the county for attorney’s fees incurred by him in defending this lawsuit. The county now moves for summary judgment in its favor on the grounds that Mr. Conte has no defenses, that his counterclaim has no merit, and that there are no triable issues of fact (CPLR 3212). Mr. Conte cross-moves for summary judgment dismissing the complaint and granting him an award of attorney’s fees. Mr. Conte also seeks an order of preclusion on the ground the bill of particulars supplied him by the county is not responsive to his demand. The bill of particulars is adequate.
On December 30, 1980, the Broome County Legislature appointed Mr. Conte to a four-year term as commissioner *1051 of elections commencing on January 1, 1981. The appointment was made pursuant to section 3-204 of the New York Election Law upon the recommendation of the Broome County Democratic Committee.
On August 25, 1982, in an opportunity to ballot petition presented to the Broome County Board of Elections, Mr. Conte stated in writing that he had personally witnessed 16 signatures on the petition, when in fact he had not been present when the petition was signed. As a result, on September 28,1982, Mr. Conte was arraigned in Binghamton City Court and charged with offering a false instrument for filing, second degree, a class A misdemeanor. He admitted that he had knowingly made the false instrument in the petition, was convicted of the misdemeanor upon his plea of guilty, and was sentenced to a conditional discharge.
On April 13, 1983, by letter, the Broome County Attorney’s office informed Mr. Conte that pursuant to section 30 (subd 1, par e) of the Public Officers Law his office became vacant upon his conviction and requested his immediate resignation. Mr. Conte refused to resign and continues to act as an election commissioner.
Summary judgment is a drastic remedy and will not be granted if there is any doubt of the existence of a material and triable issue of fact. (Siegel, NY Prac, § 278, p 333.) “On the other hand, the court should not hesitate to give this remedy the full purpose for which it is intended. Given the statutory sanction, it is the duty of the court, not to test the sufficiency of the pleadings, but rather to go behind them to the very substance of the action and distinguish matters of law from matters of fact, material issues of fact from immaterial ones.” (Wanger v Zeh, 45 Misc 2d 93, 94, affd 26 AD2d 729; see, also, Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:1, C3212:2, pp 424-425.) An action should be summarily decided where there are no genuine factual issues. (Andre v Pomeroy, 35 NY2d 361.)
Section 30 of the Public Officers Law deals with the creation of vacancies and provides in subdivision 1 that:
*1052 “[e]very office shall be vacant upon the happening of one of the following events before the expiration of the term thereof:
“a. The death of the incumbent;
“b. His resignation;
“c. His removal from office;
“d. [termination of residency] * * *
“e. His conviction of a felony, or a crime involving a violation of his oath of office;
“f. * * * judgment * * * [of incompetency];
“g. * * * judgment * * * void[ing] * * * election or appointment * * *
“h. His refusal or neglect to file [an oath of office]”.
Section 3-200 of the Election Law governs the creation of boards of election and the qualifications and removal of commissioners. Subdivision 7 provides that “[a]n election commissioner may be removed from office by the governor for cause in the same manner as a sheriff. Any vacancy so resulting shall be filled in a manner prescribed by this article for filling vacancies.” (See NY Const, art XIII, § 13.)
Here the material facts are not in dispute. Mr. Conte was duly appointed election commissioner, he was convicted of a misdemeanor relating to the electoral process in violation of the Penal Law, he was sentenced, the county requested his resignation, and he has refused to resign.
Legal issues are in dispute. One area of contention involves the applicability and meaning of the Election Law and the Public Officers Law. The county asserts that by virtue of section 30 (subd 1, par e) of the Public Officers Law, Mr. Conte’s office became vacant upon his conviction, and, therefore, he is not entitled to remain in office. Mr. Conte contends the Public Officers Law does not apply because the Election Law supersedes the Public Officers Law. Mr. Conte also claims that even if the Public Officers Law does apply, a vacancy did not occur under these facts because his conviction does not constitute a violation of his oath of office.
The office of commissioner of elections is a public office. (Matter of Carp, 179 App Div 387, affd 221 NY 643.) *1053 Therefore, the Public Officers Law applies to an election commissioner. There is no general legislative mandate indicating that the provisions of the Election Law supersede the provisions of the Public Officers Law. On the contrary, section 1-102 of the Election Law provides that “[w]here a specific provision of law exists in any other law which is inconsistent with the provisions of this chapter, such provision shall apply unless a provision of this chapter specifies that such provision of this chapter shall apply notwithstanding any other provision of law.” In short, absent an express statement in the Election Law stating that the Election Law governs a particular situation, the Public Officers Law applies as well. There is no such express provision in section 3-200 of the Election Law.
It is also a well-recognized principle of statutory construction that statutes “must be interpreted ‘to harmonize * * * if possible, and not to perpetuate discordant interpretations’.” (Matter of Briggins v McGuire, 118 Misc 2d 964, 975; see, also, Matter of Gunning v Codd, 65 AD2d 415.) The provisions of the Election Law and the Public Officers Law can be harmonized.
As noted, subdivision 7 of section 3-200 of the Election Law provides for removal for cause of an election commissioner by the Governor and section 30 of the Public Officers Law sets forth when vacancies in public offices occur. Mr. Conte avers that there is no difference between vacancy and removal and relies on the language of La Carruba v Klein (59 AD2d 99, 103, affd 46 NY2d 1009): “the declaration of a vacancy upon the officeholder’s conviction of a * * * crime involving a violation of his oath of office is, in reality, nothing more than an indirect method of removing the officeholder for cause or misconduct.”
Therefore, Mr. Conte concludes that “the Legislature clearly intended the removal [of an election commissioner] by the governor would alone create the vacancy”. This is incorrect.
There is a difference between vacancy and removal. “ ‘Vacancy’ is described as an unoccupied position or office and ‘removal’ is described as a dismissal from office”. (Thaler v State of New York, 79 Misc 2d 621, 625; see, also, Webster’s New World Dictionary [2d ed].) Section 30 of the *1054 Public Officers Law provides that a vacancy shall be created in every office held by a public officer upon the happening of any of eight enumerated events, and removal is one of those enumerated events. (Public Officers Law, § 30, subd 1, par c.)
Furthermore, La Carruba (supra) must be restricted to its facts because it dealt with the removal of a judicial officer who had been convicted of the misdemeanor of official misconduct. Since removal of judicial officers for cause is expressly provided for in the Constitution (see NY Const, art VI, §§ 22, 23, 24) and section 5 of article XIII of the New York Constitution prohibits the Legislature from passing laws respecting the removal of judicial officers for misconduct or malversation in office, the court was without authority to apply section 30 (subd 1, par e) of the Public Officers Law in La Carruba. This is not the case here. There is express constitutional authority for the Legislature to pass laws regarding both the removal of public officers (NY Const, art XIII, § 5) and the creation of vacancies in public offices (NY Const, art XIII, § 6).
Mr. Conte also claims that the very existence of the gubernatorial removal power in the Election Law indicates that it is the only means by which an election commissioner can be removed from office before the expiration of his term. Mr. Conte is not being “removed” as that term is used in legislation. The county seeks to have his office declared vacant. When removal is not governed by statutory or constitutional provision, the general rule is that the power of removal is incident to the power to appoint. (Mack v Mayor of City of N. Y., 37 Misc 371, affd 82 App Div 637, affd 176 NY 573.) In other words, had the State Legislature not provided for removal by the Governor in the Election Law, an election commissioner could be removed by the local legislative body. This apparently was not the intended result and therefore an express provision for removal was included in the Election Law. This does not mean that passage of subdivision 7 of section 3-200 of the Election Law rendered section 30 of the Public Officers Law meaningless and without force or effect. The two statutes can and must be read together. (Majauskas v Majauskas, 94 AD2d 494.)
*1055 Mr. Conte also asserts that even if section 30 of the Public Officers Law applies, there was no violation of his oath of office here. The Public Officers Law does not define what specific crimes constitute a violation of an officer’s oath of office. Case law generally provides that if the crime relates to the duties of the office, the crime involves a violation of the oath of office. For example, a fireman convicted of receiving an unlawful gratuity (Matter of Pesale v Beekman, 81 AD2d 590, affd 54 NY2d 707), a policeman convicted of conspiracy to commit bribery (Sroka v Municipal Civ. Serv. Comm., 57 AD2d 1064), and a police officer convicted of official misconduct (Matter of Hodgson v McGuire, 75 AD2d 763), all involved misdemeanors which constituted violations of oaths of office. In making such a determination, the court must consider the circumstances surrounding the conviction as well as “the public’s right to rest assured that its officers are individuals of moral integrity in whom they may, without second thought, place their confidence and trust.” (Matter of Toro v Malcolm, 44 NY2d 146, 152; see Matter of Pauley v Noeppel, 1 Misc 2d 928.)
Here Mr. Conte was convicted of offering a false instrument for filing. However, this was not any instrument, it was an opportunity to ballot petition presented to the board of elections. By his written oath of office, Mr. Conte swore to faithfully discharge the duties of the office of election commissioner. When Mr. Conte offered for filing with the board of elections an election petition he knew contained a false statement made by himself, he violated his oath of office. Mr. Conte’s misdemeanor conviction constitutes a violation of his oath of office. His office of election commissioner became vacant upon his conviction.
Defendant’s counterclaim for fees pursuant to section 409 of the County Law has no merit since this action is not the result of an official act done or the failure to perform an official act. Mr. Conte voluntarily chose to contest the vacation of his office which occurred by operation of law. This is not the type of action for which reimbursement is contemplated by the provision. (See Comins v County of Delaware, 66 AD2d 931.)
The cross motion of defendant Joseph P. Conte is denied.
*1056 The motion for summary judgment of plaintiff County of Broome is granted. The office of commissioner of elections held by defendant Joseph P. Conte became vacant on September 28,1982; defendant Joseph P. Conte is enjoined and restrained from acting as commissioner of elections; and the County Legislature of Broome County is authorized to fill the vacancy for the unexpired term to December 31, 1984.
No costs or disbursements may be taxed.