■ TERRENCE J. LEMIEUX, Respondent, v CITY OF NIAGARA FALLS, Appellant.—Order unanimously reversed on the law without costs and summary judgment granted defendant dismissing the complaint. Memorandum: In June of 1976, plaintiff, a City of Niagara Falls police officer, was convicted of two misdemeanor counts of perjury for making false statements in an affidavit submitted in support of an application for a search warrant. He was suspended without pay and disciplinary charges were filed pursuant to section 75 of the Civil Service Law. The disciplinary hearings were stayed pending appeals. In November of 1980, the Court of Appeals reversed one of the perjury counts, but it was not until July 12, 1983, that plaintiff was formally dismissed. Plaintiff commenced this action seeking back pay from November 20, 1980 until July 14, 1983, claiming that the city unreasonably delayed the disciplinary proceedings during this period (see, Matter of Amkraut v Hults, 21 AD2d 260, affd 15 NY2d 627). Special Term granted partial summary judgment in plaintiff's favor for most of the period of delay. We reverse and grant summary judgment dismissing the complaint.

Once a police officer has been convicted of a felony or of a crime involving a violation of his oath of office, his position

becomes vacant, and his employment is automatically terminated (Public Officers Law § 30 [1] [e]; *Matter of Briggins v McGuire,* 67 NY2d 965). No disciplinary proceedings or hearings are required and in view of the strong public policy in favor of effectuating the mandate of the statute, automatic termination is not waived by the commencement of disciplinary proceedings and may be raised as an issue for the first time on appeal *(Matter of Hodgson v McGuire,* 75 AD2d 763). We find that plaintiff's position with the City of Niagara Falls automatically terminated at the moment he was convicted by the jury's verdict *(Matter of Gunning v Codd,* 49 NY2d 495, 499), and that Special Term erred by concluding that section 30 of the Public Officers Law did not apply because defendant opted to initiate disciplinary proceedings *(Matter of Pesale v Beekman,* 54 NY2d 707).

We also conclude that plaintiff violated his oath of office by making false statements in an application for a search warrant *(see, County of Broome v Conte,* 120 Misc 2d 1050, *affd* 101 AD2d 905; *Matter of Hodgson v McGuire, supra).* The act was performed in the course of plaintiff's duties as a police officer and contravened the public's right to be assured that its police officers are individuals of moral integrity *(see, Matter of Toro v Malcolm,* 44 NY2d 146, 152, *cert denied* 439 US 837). (Appeal from order of Supreme Court, Niagara County, Koshian, J.—summary judgment.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.