Gerard J. Snyder, Esq. Town Attorney, Norway
You have asked whether, in the factual circumstances described, the entry of a plea of guilty to the misdemeanor offense of obstruction of governmental administration by the town superintendent of highways will result in the vacatur of his office under the provisions of section30(1)(e) of the Public Officers Law.
Section 30(1)(e) provides that a public office becomes vacant upon the conviction of the incumbent of a felony or of a crime involving a violation of his oath of office. The Penal Law defines a crime to include a misdemeanor or a felony (Penal Law, § 10[6]). Obstructing governmental administration is a class A misdemeanor (id., § 195.05). Whether this crime involves a violation of the superintendent of highways' oath of office depends on the circumstances involved.
The following oath of office is required by the Constitution:
 "I do solemnly swear that I will support the constitution of the United States, and the constitution of the State of New York, and that I will faithfully discharge the duties of the office of Superintendent of Highways, according to the best of my ability" (NY Const, Art XIII, § 1).
A person is guilty of obstructing governmental administration:
 ". . . when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful acts" (Penal Law, § 195.05).
You have indicated that the charge against the superintendent of highways is that he committed an act which altered the scene of an accident, which he knew or had cause to know was being investigated by the New York State Police. The allegation is that, while purporting to exercise his responsibilities as superintendent of highways, he replaced a yield sign and post in the ground prior to the arrival of a trooper at the scene of the accident.
It has been decided that a crime undermining the integrity of government is one involving a violation of the guilty person's oath of office (Pesale v Beekman, 81 A.D.2d 590 [2d Dept, 1981], affd 54 N.Y.2d 707
[1981]). We believe that in view of the "intentional" elements of the crime of obstructing governmental administration, conviction of that crime based on actions purportedly taken in the exercise of his official responsibilities would tend to undermine the integrity of government and, therefore, would violate the superintendent of highways' oath of office (Pesale v Beekman, supra; 1983 Op Atty Gen [Inf] 102). In this respect, we believe that the superintendent of highways, should he plead guilty to this crime, would have conceded that he had failed to discharge faithfully the duties of his office since that requires acting consistent with related legal obligations. Thus, he would have violated his oath of office. We conclude that the superintendent of highways' conviction of the crime of obstructing governmental administration on the basis of actions purportedly taken in the exercise of his responsibility as superintendent of highways would involve a violation of his oath of office.
Under section 30(1)(e) of the Public Officers Law, a public office becomes vacant upon the conviction of the incumbent of a felony or of a crime involving a violation of his oath of office. It has been decided that a conviction, under this provision, occurs upon a verdict of guilty or the entry of a plea of guilty (Matter of Gunning v Codd, 49 N.Y.2d 495
[1980]). The time of the conviction is not delayed until sentencing (ibid.). Once a plea of guilty to a misdemeanor involving a violation of the person's oath of office has been entered, the office becomes vacant immediately by operation of law (ibid.). The contingency of reversal of the judgment of conviction does not defeat the operation of the statutory directive (Matter of Obergfell 239 N.Y. 48 [1924]; Matter of Toro vMalcolm, 44 N.Y.2d 146, 150, cert den 439 U.S. 837 [1978]). Therefore, the fact that an appeal has been filed has no effect upon the vacancy created by operation of law upon the occurrence of the conviction.
We conclude that a superintendent of highways' conviction of the crime of obstructing governmental administration on the basis of actions purportedly taken in the exercise of his official responsibilities would involve a violation of his oath of office.