OPINION OF THE COURT
Charles E. Ramos, J.
This is a petition, pursuant to CPLR article 78 challenging *852 the decision of the respondents which dismissed the petitioner from his position as a police officer. The respondents cross-move for dismissal of the petition pursuant to section 30 (1) (e) of the Public Officers Law on the grounds that petitioner’s office was automatically vacated by operation of the law upon his conviction of the misdemeanor offense of criminal trespass in the second degree. Under section 30 (1) (e), a public officer is automatically removed upon conviction of any felony or "crime involving a violation of his oath of office” (see, Lemieux v City of Niagara Falls, 138 AD2d 945).
Where the provisions of section 30 (1) (e) are applicable, dismissal is automatic, and no disciplinary proceedings are required (supra). The purpose of the section as applied to police officers is to assure the public that individuals employed in that capacity are "of moral integrity” (supra).
The issue to be determined herein is whether or not the crime for which petitioner was convicted is one which "violat[es] his oath of office”, inasmuch as it is not a felony. Respondents contend that "courts have routinely upheld vacaturs of office * * * based upon convictions of a variety of non-felonious criminal conduct * * * because conviction of [such] a crime * * * demonstrates that the defendant involved was found to have been guilty of a criminal state of mind, as well as criminal activity.”
If this court were to literally apply the respondents’ reasoning, as expressed in the excerpt above, then section 30 (1) (e) would have to be rewritten to provide for vacatur of office upon conviction of any crime whatsoever. If a misdemeanor conviction demonstrates a criminal state of mind, then it is because a criminal mind, a mens rea, is necessary to convict for any crime. Without criminal intent, the defendant would not be guilty. "The distinguishing feature between simple trespass and a criminal trespass is that in a criminal trespass there must be a criminal mind and purpose coupled with the act of trespass, and even this criminal intent * * * must be established beyond a reasonable doubt.” (8 Zett, NY Crim Prac ¶ 72.7 [1], at 72-41—72-42.)
It was clearly not the Legislature’s intention that all those convicted of any crime forfeit their offices, else there would be no distinction as to crimes which violate an officer’s oath of office. The section would simply refer to anyone who was convicted of a crime. The purpose is to exclude those persons whose criminal convictions demonstrate their lack of moral *853 integrity. In Lemieux v City of Niagara Falls (supra), the petitioner had been convicted of making false statements in an application for a search warrant. In Matter of Pesale v Beekman (81 AD2d 590, affd without opn 54 NY2d 707), relied on by respondents, petitioner pleaded guilty to one count of receiving an unlawful gratuity in satisfaction of an indictment charging four separate counts of bribe receiving. Receiving "tips” obviously " 'undermines the integrity of governmental administration’ ”, and violates a police officer’s oath of office (81 AD2d, at 590-591). In Sroka v Municipal Civ. Serv. Commn. (57 AD2d 1064), dismissal was upheld by the Appellate Division wherein petitioner was convicted of conspiracy to commit bribery. In Matter of Hodgson v McGuire (75 AD2d 763) and Matter of Pauley v Noeppel (1 Misc 2d 928, 931), the bases of the convictions were, in both cases, also related to bribery. The case at bar is to be distinguished.
The petitioner herein was involved in an off-duty dispute concerning a traffic incident, with one Leon DiLeonardo. The interchange between them became heated and vituperative and DiLeonardo retreated to his residence. Petitioner was convicted of criminal trespass in a dwelling for following DiLeonardo into the vestibule of his home in order to continue the argument. The validity of the conviction is not at issue here, only the extent to which the conviction and underlying circumstances show a moral disintegration which warrants an officer’s removal from his public trust. Bribery, conspiracy to take bribes, accepting illegal gratuities, falsely swearing in order to obtain a search warrant are all inextricably bound with the very fabric of a police officer’s fitness to continue in his position. A trespass on private property in the heat of an argument does not rise to the same level. It may show that the police officer lacks judgment or the temperament requisite to the maintenance of his position. However, the determination of temperamental or intellectual unfitness must be based upon the full panoply of petitioner’s rights under Civil Service Law § 75, not upon the invocation of the automatic removal provision of the Public Officers Law. This decision is, however, without prejudice to any other disciplinary or removal proceedings authorized by law which the respondents shall choose to pursue.
Accordingly, the petition is granted, and the decision of the respondents automatically terminating the petitioner from the position as a police officer is vacated and annulled. Pursuant to the provisions of CPLR 7806, the petitioner is restored to *854 all of the salaries and benefits to which he would have' been entitled, but for the respondents’ determination of dismissal, retroactive to January 14, 1988. The issue of the amount of retroactive benefits and pay to be awarded to the petitioner is referred to the legal support office for assignment to a Special Referee to hear and report with recommendations. Pending receipt of the report and a motion pursuant to CPLR 4403, final determination of this branch of the petition is held in abeyance.
The cross motion is denied in all respects.
A copy of the order to be settled herein with notice of entry shall be filed with the legal support office, room 311, for the purpose of obtaining a calendar date.