Matter of Frierson v Ponte (2019 NY Slip Op 03535)





Matter of Frierson v Ponte


2019 NY Slip Op 03535


Decided on May 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2019

Renwick, J.P., Richter, Tom, Kapnick, Kern, JJ.


101854/16 9223 101685/16 9222

[*1]In re Harmon Frierson, Petitioner-Appellant,
v
Joseph Ponte, etc., et al., Respondents-Respondents.
In re Dwayne Maynard, Petitioner-Appellant,
v
Joseph Ponte, etc., et al., Respondents-Respondents.


Koehler & Isaacs LLP, New York (Liam L. Castro of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondents.



Judgments, Supreme Court, New York County (Nancy M. Bannon, J.), entered April 26, 2018, denying the petitions of Harmon Frierson and Dwayne Maynard to annul respondents' determinations, which terminated Frierson's and Maynard's employment as tenured correction officers pursuant to Public Officers Law § 30(1)(e), and granting respondents' cross motions to dismiss the proceedings brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioners were properly terminated from their positions as tenured correction officers pursuant to Public Officers Law § 30(1)(e), as they were each charged and convicted of official misconduct in violation of Penal Law § 195.00 (see Matter of Hodgson v McGuire, 75 AD2d 763 [1st Dept 1980]). A conviction of official misconduct involves misconduct in the line of duty and necessarily involves a violation of petitioners' oath of office (Public Officers Law ¶ 30[1][e]; Hodgson at 763). Furthermore, a conviction under Penal Law § 195.00 requires not only a knowing act or failure to act, but also an intent to obtain a benefit or to deprive another of a benefit (see People v Flanagan, 28 NY3d 644, 656 [2017]), and is a crime that is indicative of a lack of moral integrity (see Matter of Duffy v Ward, 81 NY2d 127, 135 [1993]). Since petitioners' employment was terminated pursuant to Public Officers Law § 30(1)(e), they were not entitled to a pre-termination hearing pursuant to Civil Service Law § 75(1)(a).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2019
CLERK