In the Matter of WILLIAM E. ROBINSON, Petitioner, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.

Third Department, July 23, 1957.

*Emanuel Thebner* and *Martin J. McLaughlin* for petitioner.

*Louis J. Lefkowitz, Attorney-General (John R. Davison* and *J. Bruce MacDonald* of counsel), for respondent.

FOSTER, P. J. This is a proceeding under article 78 of the Civil Practice Act to review a determination of the respondent Board of Regents in revoking petitioner's license as a practitioner of medicine because of his conviction of a felony.

Petitioner was indicted by a Grand Jury of Queens County for abortion. He was convicted of the crime of attempted abortion upon his own confession and plea of guilty, and was sentenced to imprisonment in a New York penitentiary, there to be dealt with according to law. Execution of the sentence was stayed and petitioner was placed on probation for an indefinite period.

In this proceeding petitioner has two contentions: (1) that there was no conviction by reason of the fact that sentence was suspended and he was placed on probation, and (2) that he was not convicted of a felony.

Petitioner relies upon several cases which hold that for some purposes a person is not regarded as convicted of a crime so long as sentence has not been imposed, or even if it has been imposed and its execution suspended (*People v. Harcq*, 292 N. Y. 321; *Matter of Lewis v. Carter*, 220 N. Y. 8; *Matter of Richetti v. New York State Bd. of Parole*, 300 N. Y. 358; *People ex rel. Marcley v. Lawes*, 254 N. Y. 249). None of these cases however dealt with the revocation of a professional license, and they indicate only that under certain statutes and for certain special purposes involving increased criminal penalties the term " convicted " is given a narrow and technical meaning.

More nearly analogous are the cases which have dealt with such professions as dentistry and the law. So far as dentists are concerned the term " convicted " has been held to include a suspended sentence (*Matter of Weinrib v Beier*, 269 App. Div. 481, affd. 294 N. Y. 628). In cases relating to the disbarment of attorneys the same principle has been followed (*Matter of Newell*, 157 App. Div. 907; *Matter of Sugarman*, 237 App. Div. 346; *Matter of Greenburger*, 265 App. Div. 343; *Matter of Gladstone*, 267 App. Div. 670). We think the terms " conviction " and " convicted ", relative to physicians, as used in section 6514 of the Education Law should be construed to mean merely a judicial finding of guilt irrespective of whether sentence is imposed or the execution thereof suspended.

The argument that the crime of attempted abortion is not a felony scarcely merits discussion. It is based on an erroneous interpretation of section 2 of the Penal Law to the effect that only individuals sentenced to a State prison have been convicted of a felony. That is not so of course where a punishment for a crime is not defined as to minimum limits. Where no minimum limits are prescribed a person convicted of a felony may be sentenced to a penitentiary (*People* v *Rytel,* 284 N. Y. 242). The maximum punishment to which a defendant is liable to be subjected is the test by which the degree of the crime must be determined (*People* v *Lyon,* 99 N. Y. 210).

The determination should be confirmed, without costs.

BERGAN, HALPERN and GIBSON, JJ., concur.

Determination confirmed, without costs.