Wilfred A. Waltemade, J.
Petitioners, who are respectively candidates for election to the Community School Boards for their various districts, or parents residing in said districts, for themselves and on behalf of all others similarly sittiated, in accordance with CPLR IQQ5, ipakc the present application *521 for an order and judgment (CPLR 3001) declaring that respondents Board of Elections and Board of Education, may legally adopt a method of voter registration for said election other than personal, and for a judgment and order vacating the respondent’s determination to open the election to registration only for the one-week period from March 12 through March 17, 1973 (CPLR art. 78). In addition to the foregoing, other and related relief is sought.
At the invitation of the court, the Attorney-General of the State of New York has appeared amicus curies and has submitted a memorandum of law which has aided the court in its determination of the within motion.
The present application is fraught with certain procedural difficulties which the court, under the attendant circumstances, finds unnecessary to pass upon. Irrespective of the form of the application, the court will meet the substantive issues raised by the instant pleadings (CPLR 103, subd. [c]; cf. Matter of Lakeland Water Dist. v. Onondaga County Water Auth., 24 N Y 2d 400). Section 2590-c of the Education Law provides that every community district shall be governed by a community school board. The manner, method and determination of the results of said election are also provided by the foregoing statute:
“ 2. Such members shall be elected a,t an election conducted by the board of elections in the pity of New York to be held on the first Tuesday in May in each odd-numbered year for a term commencing on the first day of July next following.
u 3. Every registered voter residing in a community district and every parent of a child attending any school under the jurisdiction of the community board of such district who. is a citizen of the state, a resident of the city of New York for at least ninety days and at least twenty-one years of age shall be eligible to vote at such election for the members of the community board * * *
“ 6. * * * (31) Applicability of the election law. The provisions of the election law with respect to nomination of candidates, declination of nominations, filling of vacancies in nominations, notices to candidates, objections to petitions, rulings thereon, judicial proceedings and all other matters so far as applicable shall govern the election of community board members ” (emphasis supplied). Of prime consideration to movants is that all those entitled to vote in the scheduled election be given every opportunity to do so. Consequently, they had requestéd the Board of Elections to permit parents, *522 Who are not registered voters for the regular public office elections, to register by other than personal registration (e.g. registration by completion of forms at home to be returned by mail to the Board of Elections), and to expand} the allow-* able period of registration. The respondent, Boayd of flections, is totally in accord with this proposal but questions whether it could legally permit registration ip the form or manner proposed or any acceptable alternate the^tp (Election Law, § 350, par. 2).
Even if it might be a salutary innovation in registration, no applicable law provides for other than personal registration and the Board of Elections does not contend it has such admin,* istrative poWers to implement it.
Registration is a method of proof prescribed! for ascertaining who shall qualify to east a vote. It is part of the machinery of elections and is a safeguard against frauds (O'Brien v. City of Saratoga Springs, 131 Misc. 728, affd. 224 App. Div. 124; 18 N. Y. Jur., Elections, § 91). Clearly, the Legislature, with regard to general and primary elections for public and party office, has adopted a system of personal registration from which there can be no deviation unless by express act or consent of the Legislature (N. Y. Const., art. II, § 6; Election Law, § 350, subd. 2).
Whether the Election Law should control all incidents of the school board election is not quite so clear. The amendment to the Education Law was designed to apply to certain specified situations and by general language to all other matters as may be applicable. (Education Law, § 2590-c, subd. 6, par. [31].) In the interpretation of statute, the courts must look to the objects and purposes sought to be accomplished. Words, phrases and sentences must yield to the object of the statute in construing the same (56 N. Y. Jur., Statutes, § 164). There is no question but that the Legislature wanted to afford the public greater participation in the affairs of the local school boards. It is equally clear that those ends were to be promoted in an orderly and reliable manner. The Legislature chose the organization and the governing procedure of the Board of Elections as suitable to their purpose. It necessarily follows that the provisions of the Election Law control all incidents of the election including those provisions requiring personal registration. This conclusion is in accord with legislative comment upon a related area of the school board elections (cf. N. Y. Legis. Annual, 1969, p. 206, legislative memoranda, School and School Districts Qualifications of Voters).
*523 Irrespective of this court’s own personal predisposition to increase participation in these elections, it is. constrained, nevertheless, to follow the legislative mandate and permit only personal registration for said election. Any further action in this regard must rest with the State Legislature because in the absence of a statute, the court is not authorized to engage in judicial legislation.
The court, however, sees no impediment to an enlargement of the period for personal registration. Respondent Board of Elections does not allege a legal prohibition to this relief nor does it formally oppose that branch of the application. It would seem, therefore, considering the lack of opposition, that the respondent Board of Elections be urged to make whatever provisions it deems necessary to meet the exigencies of the circumstance and provide a registration period longer than the one week presently prescribed (1 N. Y. Jur., Administrative Law, § 197).
Accordingly, the court formally orders and declares that only a personal system of registration may be legally adopted by respondent. That branch of the relief seeking an enlargement of the registration period is necessarily, but reluctantly, denied, but only to the extent that the same is remanded to the Board of Elections for the necessary administrative action. The petition is dismissed. Judgment for defendant in accord? anee herewith.