Jacob Markowitz, J.
The basic question posed in this proceeding is whether those standards of campaign conduct and financing required generally of candidates for public office should be imposed upon candidates for community school boards. So phrased, the question largely answers itself.
School board members are public officers, bound to those standards regulating their conduct while in office required of other public officers (Komyathy v Board of Educ., 75 Misc 2d 859). They are considered elective officers for the purpose of determining the appropriate terms of office and filling of vacancies (Matter of Roher v Dinkins, 32 NY2d 180). Absent express contrary legislative action, voter participation in these elections is governed by the general provisions of the Election Law (Matter of Irvine v Board of Elections, 73 Misc 2d 520). While the services performed by local school board members may be voluntary in nature that is certainly not uncharacteristic of political office in this country. Indeed respondents have likened school board elections to the traditional town hall meetings.
With respect to service while in office, school board members exercise significant powers; their decisions affecting not only the education and molding of our children but also the expenditure of substantial public funds.
Faced with these factors and absent apparent logic compelling such a result it would seem that the burden of proving exemption from these standards rests upon those asserting different treatment is warranted. In fact, logic and public policy would dictate a contrary result. The Legislature has recently enacted article 16-A of the Election Law which sets forth the minimum standards of conduct it has held necessary to insure the fair functioning of our electoral process.
Specifically, in this proceeding, petitioners, candidates for office or potential voters in elections for local school boards, seek an order declaring article 16-A applicable to such elec *523 tions and directing the respondent New York State Board of Elections to take those steps to police such elections it normally takes in other elections. This statute, the New York State Campaigns, Elections and Procedures Law, has been ruled inapplicable to community school board elections by the respondent New York State Board of Elections. Article 16-A does not expressly state its applicability thereto, nor does the Education Law. Subdivision 31 of section 2590-c of the Education Law states, insofar as herein pertinent, that "the provisions of the election law with respect to * * * all other matters so far as applicable shall govern * * * except as provision is otherwise made in this article.” (Emphasis added.) No such expressly contrary provision has been made nor does the Education Law contain provisions comparable to article 16-A. Subdivision h of section 467 of article 16-A defines a "candidate”, for the purpose of requiring compliance with the provisions of the article as "an individual who seeks * * * election to public office * * * voted for at a primary or general or special election”. (Emphasis added.) This section replaced former section 322 of the Election Law which defined a candidate as one who sought "election to public office”. While local school board elections may not fall within the definitions of those terms in specified sections of the Election Law, some enacted prior to article 16-A, it does not necessarily follow that this spells out a legislative intent to exclude these elections from that article. So holding would require acceptance of sophisticated arguments of statutory construction and place undue reliance upon legal niceties to the possible detriment of the fair functioning of the electoral process — a process fundamental to our system of government.
This court is cognizant of the mechanical difficulties respondents may face in application of article 16-A to these elections. But such difficulties are clearly no greater than those faced by State agencies when directed to more fairly enforced voting rights; geographic division of voting districts and the many other aspects of elections which have been mandated in recent years. The need for legislative action, to remedy some of these difficulties, is clear also. But no compelling proof has been submitted of the impossibility of such action.
In the second aspect of this proceeding petitioners seek an order directing the respondent to insure fair policing of the elections. While this may be impossible of attainment in the elections scheduled for May 6, 1975, consistent with the above, *524 the petition will be granted as to this relief also, as to future elections.
Applicability of article 16-A to the elections scheduled for May 6 is also unwarranted for those participants in those elections, who have not conformed therewith in reliance upon the respondents’ actions, may not be penalized for so acting.
The petition is granted as to elections other than that scheduled for May 6.