OPINION OF THE COURT
Chief Judge Cooke.
Section 30 (subd 1, par e) of the Public Officers Law provides that a public office shall become vacant upon the officeholder’s conviction of a felony. The question posed by this appeal concerns the operative definition of the word "conviction” as used in the statute.
On April 27, 1977, petitioner, a veteran police officer, was found guilty by a jury of official misconduct, a class A misde *498 meanor (Penal Law, § 195.00), and bribe receiving in the second degree, a class D felony (Penal Law, § 200.10). Entry of judgment on the verdict was delayed at that time for the purpose of preparing the necessary presentence investigation (CPL 390.20) and to allow petitioner an opportunity to seek postverdict relief (CPL art 330). The following day, petitioner filed an application for service retirement benefits, intending to retire on May 27, 1977, prior to the adjourned date of the criminal proceeding.
On May 24, 1977, petitioner was served with an order of dismissal from city service by the police commissioner. That order, declared effective the date of the jury verdict, was stated to be pursuant to the "authority vested in the Police Commissioner, pursuant to * * * Section 30 of the Public Officers Law to dismiss a member of the Police Department convicted of a crime by a court of competent jurisdiction.” Because the order of dismissal preceded the projected effective date of his retirement, petitioner’s retirement application was never processed (see Administrative Code of City of New York, § B18-40.0; Matter of Glazer v Board of Trustees of Police Pension Fund, 66 AD2d 759, 760, affd 48 NY2d 790).
Petitioner then commenced this article 78 proceeding, claiming that a "conviction”, as employed in section 30 of the Public Officers Law, requires the entry of a judgment of conviction upon sentencing before a public office is vacated. Special Term dismissed the petition, holding that petitioner’s office became vacant upon rendition of the jury verdict. A divided Appellate Division affirmed (65 AD2d 415). There should be an affirmance. Whatever may have been the rule previously, the CPL now provides that a conviction occurs upon a verdict of guilty (CPL 1.20, subd 13) and no sound reason exists to differentiate between a conviction for purposes of criminal law and the Public Officers Law.
The former Code of Criminal Procedure contained no definition of "conviction”. Accordingly, courts gave the term a chameleon-like quality, designed to meet what were perceived to be the equities of diverse cases before them. For example, a statute which rendered a person convicted of perjury incompetent to appear as a witness was held to be inoperative "until the judgment of the court had pronounced sentence upon him” (Blaufus v People, 69 NY 107, 109). When construing a provision excluding those convicted of bribery or of any infamous crime from exercising their franchise, it was held that a *499 person, against whom sentence had been suspended after verdict, had not been “convicted” (People v Fabian, 192 NY 443, 449-450). This rule, however, was made dependent upon the consequences attendant to the conviction (compare Matter of Robinson v Board of Regents, 4 AD2d 359, mot for lv to app den 3 NY2d 708 [“convicted”, as used in section 6514 of the Education Law, means finding of guilt and entry of judgment thereon, irrespective of whether sentence is imposed]).
What emerges from these and similar cases, therefore, is the hoary principle that, “where pains, penalties, fines, forfeitures and disqualifications follow upon conviction, then 'conviction’ means the sentence or judgment of the court entered upon the finding of the jury and proved by the record” (People v Fabian, 126 App Div 89, 98 [dissenting opn], revd 192 NY 443, supra). Thus, in Matter of Keogh v Wagner (20 AD2d 380, 385, affd 15 NY2d 569), it was held that the vacatur occasioned by section 30 (subd 1, par e) of the Public Officers Law must be preceded by not only an adjudication of guilt, whether by plea or verdict, but an entered judgment of conviction as well. This vacatur, however, is absolute upon conviction: subsequent events, such as a stay of the execution of judgment or even reversal of the conviction upon appeal, do not affect the vacatur (Matter of Toro v Malcolm, 44 NY2d 146, 150; Matter of Obergfell [Cheshire], 239 NY 48, 50; Matter of Breslin v Leary, 35 AD2d 794, 795).
However amorphous the term “conviction” may have been under prior law, any confusion was laid to rest with the enactment of the CPL in 1971. As noted, a “conviction” now occurs upon “the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint, or to one or more counts of such instrument” (CPL 1.20, subd 13).
Notwithstanding the all-embracing scope of this definition, petitioner maintains that it has no application to the Public Officers Law. It is incongruous, however, to hold that a conviction for purposes of the criminal law does not amount to a conviction under some other statute. By its plain terms, the provisions of the CPL apply to “All matters of criminal procedure” (CPL 1.10, subd 1, par [b]).* A term more inextrica *500 bly related to criminal procedure than the definition of "conviction” is most difficult to imagine. And, while the Public Officers Law is a civil statute, the operation of section 30 (subd 1, par e) is triggered only upon a criminal adjudication resulting in a conviction. What constitutes a conviction, then, must necessarily be determined by the law governing criminal proceedings.
To await vacatur of a public office until judgment is entered, moreover, would unconscionably reward those who, despite having breached the public trust, may purposefully delay sentencing and thwart public policy. The command of section 30 of the Public Officers Law is clear and absolute: upon an officeholder’s conviction of a felony, that office becomes vacant by operation of law (Matter of Toro v Malcolm, supra, at pp 149-150). Once the jury determined, beyond a reasonable doubt, that petitioner committed a felony, public policy demands that his position be vacated immediately. That the conviction may ultimately be reversed by an appellate tribunal does not defeat the operation of section 30 (see Matter of Toro v Malcolm, supra). By the same token, to permit a public officer, found guilty by a jury of his peers, to remain in office pending sentencing and thereby afford him the opportunity to obtain a lifetime pension would circumvent the clearly defined purpose of section 30 of the Public Officers Law. Such a result simply cannot be tolerated.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Judges Jasen, Gabrielli, Jones and Meyer concur with Chief Judge Cooke; Judges Wachtler and Fuchsberg dissent and vote to reverse for reasons stated in the dissenting in part opinion by Mr. Justice Leonard H. Sandler at the Appellate Division (65 AD2d 419-423; see, also, Matter of Cunningham v Nadjari, 39 NY2d 314, 317).
Order affirmed.

 In view of the broad applicability of the CPL to "All matters of criminal procedure” (CPL 1.10, subd 1, par [b]) and the lack of any limiting language therein, petitioner’s attempt to restrict the reach of CPL 1.20 (subd 13) to criminal proceedings must be rejected.