OPINION OF THE COURT
Joseph K. McKay, J.
This opinion is a more formal expression of one of the pretrial rulings issued from the Bench in this criminal action. The question concerns the defendant’s youthful offender status and the concomitant mode of trial. Although its resolution is only a matter of statutory interpretation, the apparent confusion arising from the need to correlate different sections of the *221 Criminal Procedure Law and the Penal Law merits this short opinion.
The defendant is a 17-year-old young man (date of birth June 26, 1971) originally charged with felonies that were reduced to three "one year” (see, Penal Law § 70.15 [1] [b]) counts of sexual misconduct (Penal Law § 130.20) and related charges alleged to have occurred at various times while he was 16 and 17 years old. Unless his youthful offender status requires otherwise, these charges would entitle the defendant to a jury trial (CPL 340.40 [2]). His criminal history consists of one felony arrest in August 1987 to which he pleaded guilty to a felony (attempted robbery) in New York County Supreme Court in April 1988 — for which he has not yet been sentenced.[1] His claim in this court is that he is eligible for youthful offender treatment, but is nevertheless entitled to a jury trial. The District Attorney has taken no position on this question, but that does not relieve the court of its obligation to determine the correct status and mode of trial for this defendant. For the reasons given below I conclude that defendant is eligible for youthful offender treatment, but only as a matter of the court’s discretion, not as a matter of right, and further that he has the right to a jury trial.
The two main statutory sections which apply are the youthful offender article (CPL art 720) and the mode of trial section. (CPL 340.40.) The threshold inquiry for youthful offender treatment must be eligibility. An "eligible youth” is defined in CPL 720.10 (2) as every youth (i.e., a person between 16 and 19 years old at the time of the alleged crime) who has not been convicted and sentenced for a felony or who has not been previously adjudicated a youthful offender after a felony conviction.[2] Clearly, Jason F. meets those eligibility requirements, since, although he has been convicted of a felony by his plea in Supreme Court, he has not yet been sentenced nor adjudicated a youthful offender.
*222 We turn then to the mode of trial issue. CPL 340.40 (7) provides that the trial of certain "eligible youths” (as defined in CPL art 720) must be a single Judge trial. According to that section, only "eligible youths” who have not been convicted of a crime or previously adjudicated a youthful offender must have a single Judge trial. Since the mode of trial section does not mention "sentence” after conviction, it follows that there is a narrow class of "eligible youths” who are not subject to the "single judge” trial restriction in the criminal court. They are nonmandatory or discretionary youthful offenders, and it is in this class that this defendant belongs for the time being — that is, until he is sentenced in his Manhattan Supreme Court case. (See, CPL 720.20 [1] [a].)[3]
Other applicable statutory sections are consistent with the above analysis and conclusion. For example, CPL 720.20, which prescribes the procedures to be used for youthful offender determination, states in subdivision (1) (b) that youthful offender adjudication, after conviction and after a probation report is ordered, is mandatory in a local criminal court for those "eligible youth[s]” who had not — prior to guilty plea or the commencement of trial — been previously convicted of a crime or adjudicated a youthful offender. Here, too, the condition precedent for mandatory youthful offender treatment is lack of a prior adjudication or "conviction,” without regard to "sentence”. Jason F. is not one of those youths because of his previous conviction.
Similarly, the sentencing provisions of the Penal Law which cross-refer to the youthful offender article of the CPL lead to the same conclusion. Penal Law § 60.02 (1) provides that the maximum sentence for any youthful offender determined pursuant to CPL 720.20 (1) (b) (referred to above as the mandatory youthful offender in a local criminal court) is six months’ imprisonment. That limitation, which is necessary by virtue of the mandated mode of trial (CPL 340.40 [7]) and the constitutional requirements for a jury trial articulated in Baldwin v New York (399 US 66 [1970]), does not apply to discretionary youthful offenders (CPL 720.20 [1] [a]) and nei *223 ther does the single Judge mode of trial. Hence, unless there is a voluntary and intelligent waiver, and assuming he is not sentenced in Manhattan Supreme Court before commencement of the trial in Criminal Court, this defendant has a constitutional and statutory right to a jury trial of this action.

. Defendant represents that the Supreme Court Justice has placed him under interim supervision of the Probation Department and has promised him youthful offender treatment and five years’ probation. Once granted, youthful offender adjudication replaces the criminal conviction, which is simultaneously vacated, thus saving the youthful defendant from the consequences of a criminal history. (CPL 720.20 [3].)

. CPL 1.20 (13) defines "conviction” as the entry of a guilty plea or a verdict of guilty, as distinct from "sentence” and "judgment”, which are separately defined in CPL 1.20 (14) and (15), respectively.

. Once this defendant is sentenced in Supreme Court on a felony, or is adjudicated a youthful offender based on such felony, he loses his youthful offender eligibility for all time. (CPL 720.10 [2].)