OPINION OF THE COURT
Norman A. Mordue, J.
On December 16, 1981, petitioner was arrested in Oneida County for driving while intoxicated. He entered a guilty plea to driving while ability is impaired in the Town of Verona Justice Court on April 5, 1983 and was sentenced that same day. Petitioner was subsequently arrested for driving while intoxicated on July 25, 1987 in Onondaga County. After petitioner’s arrest on July 25, 1987, he applied for and received from the Town of Verona Justice Court in Oneida County an order vacating his sentence of April 5, 1983 and resentencing him nunc pro tunc to July 1, 1982.
On November 15, 1988, petitioner entered a guilty plea in the Town of Dewitt Justice Court to driving while ability is impaired and, pursuant to a plea bargain, received, inter alia, a 90-day suspension of his license. As a result of that conviction, petitioner’s license was revoked, effective December 5, 1988, by the Commissioner of Motor Vehicles pursuant to section 1193 of the Vehicle and Traffic Law due to petitioner’s prior alcohol-related conviction within five years of the present violation. In addition, the Commissioner of Motor Vehicles refused to permit petitioner to participate in an alcohol and drug rehabilitation program pursuant to article 21 of the Vehicle and Traffic Law due to petitioner’s prior participation in that same program within the past five years following the prior conviction.
The petitioner brought before this court an application by way of CPLR article 78 seeking an order nullifying and setting aside the order of revocation of petitioner’s driver’s license issued by the Commissioner of Motor Vehicles, setting aside the Commissioner’s determination that petitioner is not eligible to participate in an alcohol and drug rehabilitation program, and staying the order of revocation of petitioner’s driver’s license. The revocation, of petitioner’s driver’s license was stayed by this court pending a determination of the instant application.
Upon conviction for a violation of subdivision (1) of section 1192 of the Vehicle and Traffic Law (driving while ability is impaired) committed within five years of a conviction *943 for a similar violation, a driver’s license shall be revoked for a minimum period of six months (Vehicle and Traffic Law § 1193 [2] [b] [1]). In this case, petitioner committed his second violation of driving while ability is impaired on July 25, 1987 in Onondaga County. Petitioner’s second arrest occurred within five years of April 15, 1983, the date of his prior conviction.[1] Accordingly, at petitioner’s conviction by plea and sentencing on November 15, 1988, petitioner’s driver’s license should have been revoked. Instead, the Town of Dewitt impermissibly suspended petitioner’s license contrary to the express provisions of section 1193.
The question now facing this court is whether the Commissioner was empowered to revoke petitioner’s license when that license was mandated to be revoked, but where the sentencing court failed to do so. For the reasons that follow, this court finds that the Commissioner exceeded his authority.
Section 1193 of the Vehicle and Traffic Law, as amended effective November 1, 1988, mandates revocation of a license where the licensee has been convicted of a violation of subdivision (1) of section 1192 committed within five years of a conviction for a violation of any subdivision of section 1192. By its amendment of section 1193, the Legislature sought to consolidate the various provisions pertaining to alcohol-related offenses that were previously located throughout the Vehicle and Traffic Law. (See, mem of State Executive Dept, 1988 McKinney’s Session Laws of NY, at 1938.) Section 1193 specifically enumerates who may revoke a license.[2] The Commissioner of Motor Vehicles is not among those persons so enu *944 merated.[3] Accordingly, this court finds that at the time of petitioner’s conviction of November 15, 1988, the Commissioner of Motor Vehicles was not empowered to revoke petitioner’s license.
The Commissioner of Motor Vehicles did, however, properly refuse to allow petitioner to participate in a drug and alcohol rehabilitation program within five years of the prior participation (Vehicle and Traffic Law § 520). Petitioner’s request to participate in that program is, therefore, denied.
The petitioner’s request for an order nullifying and setting aside the order of revocation of petitioner’s driver’s license is granted.

. [1] Petitioner argues that his due process rights were violated by the application of the amended revocation law. His application to the Town of Verona sentencing court to sentence him nunc pro tunc to July 1, 1982 to avoid the mandatory revocation provisions of the law, however, was ineffective. CPL 1.20 (13) defines "conviction” as "the entry of a plea of guilty”. Subdivision (14) of that same section defines "sentence” as "the imposition and entry of sentence upon a conviction”. Hence, by changing the date of the petitioner’s sentence from April 5, 1983 to July 1, 1982, the Justice Court did not affect petitioner’s conviction date which remains April 5, 1983. (See, Matter of Gunning v Codd, 49 NY2d 495, 498; People v McCright, 107 AD2d 766, 767; People v Jason F., 140 Misc 2d 220, 221; People v Rubin S., 87 Misc 2d 951, 956.) Accordingly, this court finds that petitioner was convicted of a violation of section 1192 of the Vehicle and Traffic Law committed within five years of a prior conviction under that section.

. Section 1193 (2) (d) of the Vehicle and Traffic Law states, in pertinent part, "where * * * revocation is mandatory * * * the magistrate, justice or judge shall issue an order * * * revoking such license upon sentencing” (emphasis added).

. Prior to the amendment of section 1193 of the Vehicle and Traffic Law, the Commissioner would have been empowered to revoke petitioner’s license under these circumstances pursuant to section 510 of the Vehicle and Traffic Law.