10 N.Y.3d 663 (2008)
891 N.E.2d 1175
862 N.Y.S.2d 11
THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v.
FRANKLYN MONTILLA, Appellant.
Court of Appeals of the State of New York.
Argued May 29, 2008.
Decided June 25, 2008.
*664 Kaye Scholer LLP, New York City (Daniel R. Alonso, Craig M. Cepler and Peter B. Silverman of counsel), and Criminal Appeals Bureau, Legal Aid Society (Steven Banks and John Schoeffel of counsel), for appellant.
Robert M. Morgenthau, District Attorney, New York City (Martin J. Foncello and Alan Gadlin of counsel), for respondent.
Chief Judge KAYE and Judges GRAFFEO, SMITH, PIGOTT and JONES concur; Judge CIPARICK taking no part.

OPINION OF THE COURT
READ, J.
On March 12, 2004, defendant Franklyn Montilla pleaded guilty to the crime of assault in the third degree (Penal Law *665 § 120.00). A month later, on April 13, 2004before sentencing had been imposed for the assaultdefendant was arrested for swinging a machete in the presence of police officers. As a result of this incident, he was subsequently indicted for one count of third-degree criminal possession of a weapon (Penal Law § 265.02 [1]) and one count of second-degree menacing (Penal Law § 120.14 [1]).
A person is guilty of criminal possession of a weapon in the third degree when "[he] commits the crime of criminal possession of a weapon in the fourth degree as defined in" certain subdivisions of section 265.01 of the Penal Law, and "has been previously convicted of any crime" (Penal Law § 265.02 [1] [emphasis added]). Defendant contended that there was insufficient evidence to support the count of third-degree criminal possession of a weapon because a "conviction" for purposes of Penal Law § 265.02 (1) requires the imposition of sentence prior to commission of this offense.
At defendant's bench trial on August 10, 2004, Supreme Court rejected the claim of legal insufficiency and rendered a guilty verdict. Stating that "the issue ... is whether the defendant's plea of guilty constituted a conviction for the purpose of elevating... what would have been a misdemeanor[] possession of a weapon to a felony," the trial judge concluded that it was. For support, he looked to our decision in People v Carter (63 NY2d 530, 538 [1984] [under the Criminal Procedure Law, a "`conviction' occurs upon the entry of a verdict of guilty, though sentence and judgment be later imposed and entered"]). On August 24, 2004, Supreme Court sentenced defendant to concurrent terms of 1 to 3 years on the weapon count and one year for menacing.
Upon defendant's appeal, the Appellate Division unanimously affirmed his conviction, citing our decisions in both Carter and Matter of Gunning v Codd (49 NY2d 495 [1980] [Criminal Procedure Law supplies definition of word "conviction" for Public Officers Law § 30 (1) (e)]). A judge of this Court subsequently granted defendant leave to appeal, and we now affirm.
The Penal Law does not define the term "convicted," but Criminal Procedure Law § 1.20 (13) does: "`Conviction' means the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint, or to one or more counts of such instrument." Section 1.20 also separately defines the terms "sentence" and "judgment":
*666 "14. `Sentence' means the imposition and entry of sentence upon a conviction.
"15. `Judgment.' A judgment is comprised of a conviction and the sentence imposed thereon and is completed by imposition and entry of the sentence."
The purpose of formulating these three separate definitions was to clear up the meaning of the term "conviction," which, under prior law, "[f]or some purposes ... meant the plea or verdict, but for many others ... meant the judgment, as evidenced by the imposition of sentence" (see Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 1.20, at 28).
Defendant asserts, however, that notwithstanding these definitions in the Criminal Procedure Law, the phrase "previously convicted" in Penal Law § 265.02 (1) must encompass both an adjudication of guilt by plea (as in his case) or verdict and imposition of sentence. He offers two related reasons to support his position: first, that Penal Law § 265.02 (1) is, or at least is the functional equivalent of, a recidivist sentencing statute, and these statutes historically have required sentencing before a criminal adjudication was deemed a prior conviction; second, in light of this history, the courts should not borrow from the Criminal Procedure Law and thereby apply a procedural definition to a matter of substantive criminal law.
But section 265.02 (1) is not, as defendant suggests, a recidivist sentencing statute. He cites nothing in the statute's legislative history to show that it is, and the structure of the Penal Law cuts against his argument. That is, section 265.02 (1) is found within part three of the Penal Law, which lists all the "Specific Offenses." The sentencing scheme is contained within part two, where Penal Law §§ 70.04, 70.06, 70.08 and 70.10 dictate the sentences authorized for repeat offenders.
Nor is there any reason to consider section 265.02 (1) to be functionally equivalent to the recidivist sentencing statutes. These laws reflect the notion "that enhanced punishment not be imposed unless the chastening effect of sentence on the prior conviction [precedes] commission of the latest crime" (People v Morse, 62 NY2d 205, 219 [1984]). Section 265.02 (1), however, seems to embody the Legislature's judgment that an illegal weapon is more dangerous in the hands of a convicted criminal than in the possession of a novice to the criminal justice system. This added danger exists regardless of whether sentence has yet been imposed for the prior crime. As the People point out, the *667 legislative history of section 265.02 (1), although not particularly illuminating, pegs this measure as part of a program intended to discourage the criminal possession and use of handguns, particularly the cheaply made "Saturday Night Specials" (see Governor's Mem approving L 1974, chs 1041, 1042, 1974 NY Legis Ann, at 424). In short, when the Legislature enacted section 265.02 (1) it was addressing deterrence and safety, not seeking to enhance the punishment of individuals who failed to rehabilitate despite the chastening effect of a previously imposed sentence.
In addition, regardless of any historical understanding of the word "conviction" in recidivist statutes, the Legislature has not defined this term in the current recidivist sentencing scheme as anything other than what it means under the Criminal Procedure Law: a plea or verdict. For example, Penal Law § 70.06 provides that a "prior conviction" can serve as a "predicate felony conviction" where, among other things, "[s]entence upon such prior conviction [had] been imposed before commission of the present felony" (§ 70.06 [1] [b] [ii]). By contrast, Penal Law § 265.02 (1) requires that a defendant must have been "previously convicted of any crime" without similarly specifying that sentencing upon the prior conviction must have been imposed before commission of the present crime.
Finally, in Gunning we made clear that the Criminal Procedure Law's definition of "conviction" was properly imported into other statutes. There, a police officer who was found guilty by a jury of official misconduct and second-degree bribe receiving attempted to obtain pension benefits by retiring prior to the entry of judgment on the verdict. The officer conceded that under Public Officers Law § 30, the Police Commissioner had the authority to dismiss "a member of the Police Department convicted of a crime by a court of competent jurisdiction" (49 NY2d at 498), but argued that a "conviction" under section 30 required the entry of a judgment of conviction upon sentencing before a public office was vacated.
We disagreed. We observed that "[t]he former Code of Criminal Procedure contained no definition of `conviction'" and "[a]ccordingly, courts gave the term a chameleon-like quality, designed to meet what were perceived to be the equities of diverse cases before them" (id.). We went on to state that "[h]owever amorphous the term `conviction' may have been under prior law, any confusion was laid to rest with the enactment of the CPL in 1971" (id. at 499)that "[w]hatever may *668 have been the rule previously, the CPL ... provide[d] that a conviction occurs upon a verdict of guilty ... and no sound reason exists to differentiate between a conviction for purposes of criminal law and the Public Officers Law" (id. at 498 [citation omitted]).
Criminal Procedure Law § 1.20 (13) thus embodies the Legislature's decision to give the term "conviction" a definitive meaning so that the confusion reigning under prior law might be "laid to rest." "[W]hen a statute [here, the Penal Law] does not define a particular term, it is presumed that the term should be given its precise and well settled legal meaning in the jurisprudence of the state" (People v Duggins, 3 NY3d 522, 528 [2004] [internal quotation marks and citations omitted] [construing phrase "criminal transaction" in Penal Law § 125.27 (1) (a) (viii) by adopting definition of "criminal transaction" in Criminal Procedure Law § 40.10 (2)]). Hence, borrowing the Criminal Procedure Law's definition of "conviction" to give meaning to the word "convicted" in Penal Law § 265.02 (1) is fully justified.
Accordingly, the order of the Appellate Division should be affirmed.
Order affirmed.