■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT M. WOOD, Appellant. [875 NYS2d 686]—

Appeal from an order of the Livingston County Court (Robert B. Wiggins, J.), entered October 11, 2007. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Contrary to defendant's contention, County Court properly assessed 30 points and 10 points, respectively, under the risk factors for "number and nature of prior crimes" and "recency of prior felony or sex crime." Although defendant had not yet been sentenced for the violent felony of robbery in the second degree when he committed the two acts of rape in the second degree that constitute the "current offense" for purposes of the SORA registration process, he had entered a plea of guilty to that robbery. That plea falls within the definition of a "conviction" pursuant to CPL 1.20 (13), and we thus conclude that the robbery conviction was a proper basis for the assessment of points under the risk factor for "number and nature of prior crimes" (*see* Correction Law § 168-*l* [5] [b] [iii]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13 [2006]; *see generally People v Montilla*, 10 NY3d 663 [2008]). Based on our conclusion that 30 points were properly assessed under that risk factor, we further conclude that 10 points were properly assessed under the risk factor for "recency of prior felony or sex crime" (*see* Risk Assessment Guidelines and Commentary, at 14).

Defendant failed to preserve for our review his contention that the court erred in assessing points under the risk factor for "duration of offense conduct with victim" (*see generally People v Smith*, 17 AD3d 1045 [2005], *lv denied* 5 NY3d 705 [2005]). In

any event, we conclude that the People presented the requisite clear and convincing evidence that defendant engaged in two acts of sexual intercourse with the victim and that such "acts [were] separated in time by at least 24 hours" (Risk Assessment Guidelines and Commentary, at 10; *see* Correction Law § 168-n [3]). Finally, we conclude that the court's oral findings of fact and conclusions of law are supported by the record and are "sufficiently detailed to permit intelligent appellate review" (*People v Roberts*, 54 AD3d 1106, 1107 [2008], *lv denied* 11 NY3d 713 [2008]; *see* § 168-n [3]). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.