THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS FRANCO, Appellant. [963 NYS2d 865]—

Order, Supreme Court, New York County (Renee A. White, J.), entered on or about February 1, 2011, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court properly assessed 30 points for defendant's prior violent felony conviction even though he had not yet been sentenced on that conviction at the time he committed the underlying sex offense. We find no basis for applying the sequentiality requirement of the predicate felony offender sentencing statutes to the risk factor for prior violent felonies.

Although the Risk Assessment Guidelines and Commentary for risk factor 9 indicates that the term "violent felony" will have the same meaning as in Penal Law § 70.02 (1), this does

not require the wholesale adoption of the recidivist sentencing statutes contained in Penal Law article 70, including section 70.04 (1) (b) (ii), which requires that a defendant have been sentenced on the prior violent felony before it may be used as a predicate violent felony for sentencing purposes. The Sex Offender Registration Act is "not a penal statute and the registration requirement is not a criminal sentence" (*Matter of North v Board of Examiners of Sex Offenders of State of N.Y.*, 8 NY3d 745, 752 [2007]); registration under the statute is not designed to punish, "but rather to protect the public" (*People v Windham*, 10 NY3d 801, 802 [2008]). CPL 1.20 (13) defines "conviction" as the entry of a plea or verdict of guilty, which occurred here before defendant committed the underlying sex crime (*see People v Wood*, 60 AD3d 1350 [4th Dept 2009]; *Matter of Smith v Devane*, 73 AD3d 179, 182 [3d Dept 2010], *lv denied* 15 NY3d 708 [2010]; *see also People v Montilla*, 10 NY3d 663 [2008]). Concur—Tom, J.P., Friedman, Sweeny and Feinman, JJ.