People v Beers (2015 NY Slip Op 00510)





People v Beers


2015 NY Slip Op 00510


Decided on January 21, 2015


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 21, 2015
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RANDALL T. ENG, P.J.
WILLIAM F. MASTRO
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2012-06390

[*1]People of State of New York, respondent,
v
Anthony Beers, appellant.


Seymour W. James, Jr., New York, N.Y. (Steven J. Miraglia of counsel), for appellant.
Kenneth P. Thompson, District Attorney, Brooklyn, N.Y. (Leonard Joblove and Adam M. Koelsch of counsel; Jason Kosek on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Riviezzo, J.), dated June 18, 2012, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Contrary to the defendant's contention, he was properly assessed 30 points under risk factor 9 based on his prior criminal history (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13 [2006]; People v Franco, 106 AD3d 417, 417; People v Wood, 60 AD3d 1350, 1350). Moreover, the defendant was also properly assessed 10 points under risk factor 10 for the recency of his prior offense (see People v Wood, 60 AD3d at 1350).
Further, contrary to the defendant's contention, the assessment of 15 points under risk factor 12 for failure to accept responsibility, and 20 points under risk factor 13 for unsatisfactory conduct while confined, did not amount to impermissible double counting (see People v Johnson, 118 AD3d 684, 685; People v Ologbonjaiye, 109 AD3d 804, 805).
The defendant failed to establish the existence of any mitigating factors warranting a downward departure (see People v Wyatt, 89 AD3d 112).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly designated the defendant a level three sexually violent offender.
ENG, P.J., MASTRO, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court