People v Hirji (2019 NY Slip Op 01518)





People v Hirji


2019 NY Slip Op 01518


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Tom, Moulton, JJ.


8576 2269/14 3650/15

[*1]The People of the State of New York, Respondent,
v
Shafik Hirji, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Camilla Hsu of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathon Krois of counsel), for respondent.



Order, Supreme Court, New York County (Thomas Farber, J.), entered on or about April 14, 2017, which adjudicated defendant a level three predicate sex offender for the conduct underlying his conviction under SCI 3650/15, and a level two offender for the conduct underlying his conviction under Indictment No. 2269/14, pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant's two guilty pleas, entered approximately one year apart, based on offenses committed more than one year apart, were properly treated as separate offenses and separate dispositions for SORA purposes, notwithstanding that defendant was sentenced for both at the same time. Defendant was correctly assessed points on both of the two separate risk assessment instruments prepared for the two offenses (see People v Miller, 149 AD3d 1279, 1280 [3d Dept 2017]). On the second instrument, involving the later crime, defendant was correctly assessed points under the risk factors for a prior sex crime and recency of the prior offense based on the first crime, even though he had not yet been sentenced on that conviction when he committed and pleaded guilty to the second sex offense (see People v Edwards, 135 AD3d 593, 593 [1st Dept 2016], lv denied 27 NY3d 905 [2016]; People v Franco, 106 AD3d 417 [1st Dept 2013], lv denied 21 NY3d 863 [2013]; see also CPL 1.20[13]). Furthermore, there were no redundant proceedings of the type addressed in People v Cook (29 NY3d 114, 119-120 [2017]).
The court providently exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors argued by defendant were adequately considered and were outweighed by the danger of future recidivism.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED:
CLERK