People v Day (2022 NY Slip Op 00518)





People v Day


2022 NY Slip Op 00518


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Kapnick, J.P., Gesmer, González, Kennedy, Shulman, JJ. 


Ind No. 3871/86 Appeal No. 15178 Case No. 2020-03844 

[*1]The People of the State of New York, Respondent,
v
Kevin Day, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Dalourny Nemorin of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.



Order, Supreme Court, New York County (Miriam R. Best, J.), entered on or about September 2, 2020, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Because defendant committed the offense of criminal possession of stolen property in the third degree before he committed the underlying sex offense, he was correctly assessed five points under risk factor 9 for prior criminal history, notwithstanding that he pleaded guilty and was sentenced for the misdemeanor offense four months after he committed the sex offense. While risk factor 9 assesses higher numbers of points in other situations clearly requiring a particular "conviction" or "adjudication," all that is required to assess 5 points is "any criminal history" (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 14 [2006]). Thus, a defendant need not be convicted or sentenced prior to committing a sex offense to be assessed the 5 points, and cases involving the higher point assessments (see e.g. People v Franco, 106 AD3d 417 [1st Dept 2013], lv denied 21 NY3d 863 [2013]) are inapplicable. Furthermore, it is undisputed that defendant was ultimately convicted of the misdemeanor at issue; the status under risk factor 9 of a mere arrest or alleged criminal act not resulting in any conviction is not before us on this appeal.
The court properly exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors cited by defendant were outweighed by the egregiousness of the underlying crime and other serious aggravating factors, including his failure to complete a Sex Offender Counseling and Treatment Program, from which he was repeatedly removed because of his poor conduct, and his substantial number of infractions while incarcerated for, inter alia, lewd conduct and sex offenses. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022