■ In the Matter of DAVID E. GRAHAM, JR., Respondent, v

THOMAS E. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Appellant.—Harvey, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered June 16, 1987 in Albany County, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondent's determination that petitioner's employment with the Department of Correctional Services had been vacated pursuant to Public Officers Law § 30.

Petitioner was a State correction officer. In December 1985, he pleaded guilty to mail fraud in the United States District Court for the Northern District of New York. Mail fraud is a felony under Federal law *(see,* 18 USC § 1341; *see also,* 18 USC § 1).* The conviction stemmed from petitioner's role in aiding an individual in disposing of a car for the purpose of collecting the insurance on the vehicle. The fraudulent transaction took place in this State. On January 10, 1986, petitioner was notified that since he had been convicted of a felony, his position as a correction officer had been terminated pursuant to Public Officers Law § 30 (1) (e). Petitioner then commenced the instant proceeding seeking reinstatement and back pay. Supreme Court granted the petition. Respondent appeals.

Respondent contends that a conviction of the Federal felony of mail fraud should implement the automatic vacatur provision of the Public Officers Law. We agree. Public Officers Law § 30 (1) provides in pertinent part as follows:

"Every office shall be vacant upon the happening of one of the following events before the expiration of the term thereof * * *

"e. His conviction of a felony".
Similar language contained in Judiciary Law former § 90 was construed by the Court of Appeals as requiring the automatic disbarment of an attorney upon conviction of a Federal felony despite the fact that there was no State statute matching the Federal felony *(Matter of Thies,* 45 NY2d 865; *see, Matter of Chu,* 42 NY2d 490). Although the Judiciary Law was subsequently amended by the Legislature to include only convictions which would constitute felonies under the laws of New York (L 1979, ch 674), the Legislature has not similarly amended the Public Officers Law. Consequently, there is no reason to read such a limitation into Public Officers Law § 30 (1) (e).

Important policy considerations also support this interpretation of the statute. The public's interest in having officers of integrity serving them distinguishes this case from the numer-

ous cases cited by petitioner which deal with the effect a conviction from another jurisdiction has on a *criminal* proceeding in this State. The Court of Appeals, in a case involving Public Officers Law § 30, stated that the public has a "right to rest assured that its officers are individuals of moral integrity in whom they may, without second thought, place their confidence and trust" *(Matter of Toro v Malcolm,* 44 NY2d 146, 152, *cert denied* 439 US 837). Petitioner's actions, which were committed in this State and were in violation of Federal laws which apply to the citizens of this State, shattered public trust and confidence in him. Accordingly, the application of Public Officers Law § 30 (1) (e) to him upon his conviction of the Federal felony of mail fraud was not in error.

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.