Hon. Edward V. Regan Comptroller, New York State Department of Audit and Control
On February 3, 1989, Israel Ruiz, Member of the Senate, was found guilty after a trial in the United States District Court for the Southern District of New York of violating 18 U.S.C. § 1014, a felony by operation of that section and 18 U.S.C. 67; 1(1). Your counsel has asked that we address the legal effect of the Federal felony conviction on entitlement to State office and salary.
Section 30(1)(e) of the State Public Officers Law provides that a public office becomes vacant upon the conviction of the incumbent of a felony. The New York Court of Appeals has recently decided that conviction of a Federal felony creates a vacancy under section 30(1)(e) even where there is no matching State felony (Graham v Coughlin, 135 A.D.2d 1014 [3d Dept, 1987], affd 72 N.Y.2d 1014 [1988]). The Court considered language similar to section 30(1)(e) in former section 90 of the Judiciary law which was construed as requiring automatic disbarment of an attorney upon conviction of a Federal felony even without an analogous State felony (Graham, supra, 135 A.D.2d 1014, 1015). Significantly, the Court found that while the Judiciary Law was subsequently amended by the Legislature to require disbarment only for convictions constituting felonies under New York State law, the Legislature had not similarly amended section30(1)(e) of the Public Officers Law (ibid.). Thus, the Court found no basis for requiring an analogous State felony as a condition of vacatur of office under section 30(1)(e) of the Public Officers Law for a Federal felony conviction. It follows that upon the conviction of Senator Ruiz of the Federal felony, he vacated his office under section 30(1)(e) of the Public Officers Law.
The remaining question is when the vacancy takes place. Does the vacancy occur at the moment of the verdict of guilty or at the time the sentence is imposed? Section 30(1)(e) of the Public Officers Law provides that a public office becomes vacant upon the "conviction" of the incumbent of a felony. It has been decided that a conviction, for purposes of section 30(1)(e), occurs upon a verdict of guilty or the entry of a plea of guilty (Matter of Gunning v Codd, 49 N.Y.2d 495 [1980]; Criminal Procedure Law, § 1.20[13]). The time of the conviction is not delayed until sentencing (ibid.). Once a jury decides that a felony has been committed, the office becomes vacant immediately by operation of law (ibid.). The contingency of reversal of the judgment of conviction does not defeat the operation of the statutory directive (Matter of Toro vMalcolm, 44 N.Y.2d 146, 150 [1978], cert den 439 U.S. 837 [1978]). Therefore, the fact that an appeal has been filed has no effect upon the vacancy created at the moment of conviction.
The fact that Senator Ruiz was convicted of a Federal rather than a State felony does not cause us to reach a different result. A conviction for a Federal crime occurs at the time of the plea of guilty or a verdict of guilty and that conviction is distinct from sentencing which is the subsequent imposition of a penalty. In Kercheval v United States,274 U.S. 220 (1927), the United States Supreme Court, dealing with a violation of Federal criminal law, stated that a plea of guilty is itself a conviction.
 "Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence" (Kercheval, supra, p 223).
In Berman v United States, 302 U.S. 211 (1937), the Court clearly indicated that a conviction is distinct from and precedes sentencing.
 "Petitioner was convicted and sentenced. Final judgment in a criminal case means sentence. The sentence is the judgment that petitioner's conviction should be followed by sentence . . ." (Berman, supra, p 212).
See also, Flanagan v United States, 465 U.S. 259, 263 (1984).
Additionally, case law interpretation of provisions of Federal law governing deportation of aliens is enlightening. Upon an alien's conviction of certain crimes, he may be deported (8 U.S.C. § 1251,et seq.). The Federal courts have found that a conviction occurs upon a plea of guilty or a verdict of guilty (Arrellano-Flores v Hoy, 262 F.2d 667
[1958], cert den 362 U.S. 921 [1960]; Garcia-Gonzales v Immigration andNaturalization Service, 344 F.2d 804 [1965]).
We conclude that upon the verdict that Senator Ruiz was guilty of a Federal felony, his office became vacant by reason of section 30(1)(e) of the State Public Officers Law.