*774 OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioner seeks a judgment directing respondent Comptroller of the State of New York to reinstate petitioner as New York State Senator from the 32nd Senatorial District upon the Comptroller’s records nunc pro tunc; directing respondent to take such steps as are necessary to insure the continued payment to petitioner and to members of his staff of all sums payable as salaries and expenses in connection with the discharge by petitioner of his duties as such New York State Senator.
A Federal Grand Jury indicted petitioner, charging him with making fraudulent representations on bank loan applications and perjuring himself before a Federal Grand Jury impaneled to investigate him. On February 3, 1989, petitioner was found guilty of violating 18 USC § 1014 (that prohibits the making of a false statement on a loan application), which is a felony under Federal law.
On February 10, 1989, the Comptroller removed the petitioner from the State payroll and petitioner brought the instant proceeding challenging the Comptroller’s removal of petitioner from the payroll and seeking reinstatement, back pay and reimbursement of office expenses.
The petitioner contends that the State Constitution makes the Senate the sole judge of the status of its members and that section 30 (1) (e) of the Public Officers Law does not diminish or limit the exclusive right of the Senate to determine the status of its members.
This court cannot agree with the contentions of the petitioner. Section 30 (1) (e) of the Public Officers Law provides that a public office becomes vacant upon the incumbent’s conviction of a felony or a crime involving a violation of his oath of office. The conviction of the incumbent constitutes an abridgement of the office, automatically terminating its duration (Matter of Toro v Malcolm, 44 NY2d 146) and the "conviction” as employed in section 30 of the Public Officers Law occurs upon a verdict of guilty (CPL 1.20 [13]) and no reason exists to differentiate between a conviction for purposes of criminal law and the Public Officers Law (Matter of Gunning v Codd, 49 NY2d 495).
Further, section 30 does not require that the conviction take place in the State courts nor does it expressly mandate that the crime be classified as a felony under the Penal Law of *775 New York. The only requisite necessary to satisfy the statute is that the offense committed constituted a felony either in New York or the jurisdiction in which the conviction took place (Matter of Graham v Coughlin, 72 NY2d 1014; Matter of Chu v Association of Bar, 42 NY2d 490).
As the petitioner’s Senate seat had already been vacated by operation of law (Public Officers Law § 30), the Comptroller’s removing petitioner from the payroll did not impermissibly interfere with the Senate’s control over its own members nor did it diminish the separation of powers principle which underlies article III, §9 of the NY Constitution. The State Legislature itself declared petitioner’s office vacant when it enacted section 30 of the Public Officers Law and, because vacatur occurs by operation of law, it requires no further action to take effect. The Comptroller did not impermissibly remove petitioner from office; rather, by the time the Comptroller acted, the Legislature had already deemed petitioner’s seat vacant upon his felony conviction.
The Comptroller’s removal of petitioner from the State payroll was lawful and not arbitrary or capricious.
The petition is in all respects denied.