Requestor: Hon. Ramon J. Rodriguez, Chairman, Division of Parole 97 Central Avenue Albany, New York 12206
Written by: Robert Abrams, Attorney General
Your counsel has asked whether parole officers, senior parole officers and supervising parole officers are public officers, thus subject to the provisions of section 3 of the Public Officers Law.
Section 3 of the Public Officers Law establishes qualifications for holding office, including the requirement that State officers be citizens of the United States and residents of the State. While section 3 also includes age requirements for holding public office, section259-f of the Executive Law, specifically applicable to parole officers, provides that a person is not eligible to be appointed to the position of parole officer who is under 21 years of age.
A determination of whether an appointee is an officer subject to the provisions of section 3 of the Public Officers Law rather than an employee requires a review of the powers, duties, qualifications and other characteristics of his position. The distinction between a public office and public employment is not always clear (Matter of Dawson vKnox, 231 App. Div. 490, 492 [3d Dept, 1931]). The duties of a public official involve some exercise of sovereign power while those of a public employee do not (ibid.; Matter of Haller v Carlson, 42 A.D.2d 829 [4th Dept, 1973]). A public officer is a person whose position is created, and whose powers and duties are prescribed by statute and who exercises a high degree of initiative and independent judgment (Matter of County ofSuffolk v State of New York, 138 A.D.2d 815, 816 [3d Dept, 1988], affd73 N.Y.2d 838 [1988]; Matter of Lake v Binghamton Housing Authority,130 A.D.2d 913, 914 [3d Dept, 1987]). Other indicia of a public office are the requirement to take an oath of office or file bonds, appointment for a definite term and receipt of a commission of office or an official seal (Macrum v Hawkins, 261 N.Y. 193, 200-201 [1933]).
Section 2.10 of the Criminal Procedure Law provides an exclusive list of persons possessing the status and powers of peace officers. Included are parole officers or warrant officers in the Division of Parole (Criminal Procedure Law, § 2.10[23]).
Persons designated as peace officers are empowered to make warrantless arrests; to use physical force and deadly physical force in making an arrest or preventing an escape; to carry out warrantless searches whenever such searches are constitutionally permissible and when the officer is acting pursuant to his special duties; to issue appearance tickets when acting pursuant to his special duties; to possess and take custody of firearms when consistent with his duties as a peace officer; and to exercise any other power which a particular peace officer is authorized to exercise by statutory authorization whenever acting pursuant to his special duties (Criminal Procedure Law, § 2.20[1]). A peace officer acts pursuant to his special duties
 "when he performs the duties of his office, pursuant to the specialized nature of his particular employment, whereby he is required or authorized to enforce any general, special or local law or charter, rule, regulation, judgment or order" (id., § 2.20[2]).
In that peace officers can have a range of powers, in our view mere status as a peace officer does not provide public officer status (seeSivillo v Poklemba, [Sup Ct, N Y Co, 5/90]). A position-by-position analysis of powers and duties is necessary to make this determination.
Your counsel has informed us that the three positions — parole officer, senior parole officer, and supervising parole officer — exist only in the State Division of Parole. She informed us that incumbents of all three positions are peace officers authorized to carry weapons, use deadly physical force, and exercise all of the other powers of a peace officer. The position of parole officer is generally defined by statute as are the qualifications for appointment to this position. Parole officers are defined as employees in the Division of Parole who perform the duties of supervising inmates released on parole or on conditional release and employees who perform nonclerical duties in institutions and who are assigned to perform institutional parole services (Executive Law, § 259-f[1]). To be eligible for appointment to the position of parole officer a person must be at least 21 years of age, must possess a baccalaureate degree conferred by a post-secondary institution accredited by an accrediting agency recognized by the United States Office of Education and must be physically, mentally and morally fit (id., § 259-f[2]).
 "Parole officers selection shall be based on definite qualifications as to character, ability and training with an emphasis on capacity and ability to provide a balanced approach to influencing human behavior and to use judgment in the enforcement of the rules and regulations of parole and conditional release" (ibid.)
Persons serving as parole officers must be likely to exercise a strong and helpful influence upon persons placed under their supervision while retaining the goal of protecting society (ibid.). The Chairman of the Division of Parole, acting in cooperation with the Civil Service Commission, is required to establish standards to govern the selection and appointment of parole officers (id., § 259-f[3]).
Your counsel has informed us that the parole officer title is the entry level position and that parole officers are stationed either in field supervision offices or in correctional facilities. A few parole officers, however, are employed in special assignments. The Division takes the position, in that parole officers are subject to involuntary reassignment to meet the agency's needs, that all parole officers must be able to perform all of the tasks and meet all of the qualifications for the position. As an example, counsel states that all parole officers are required to qualify annually for firearms proficiency, regardless of whether their current assignment requires that a weapon be carried.
Counsel has provided us with a job description for parole officer (Consolidated Job Description Parole Officer). Generally, parole officers in the field offices provide supervision, guidance and control over an assigned case load of parolees and both assist in the resolution of their problems and monitor their compliance with conditions of parole. The parole officers in the correctional facilities counsel and prepare inmates for release to the community.
Specifically, a parole officer in the field guides and directs the parolees during their period of adjustment from incarceration to normal community life, investigates and takes appropriate action concerning possible parole violations, new crimes and other unacceptable behavior, and represents the agency at hearings concerning alleged violations. Specific duties include the investigation of possible violations of conditions of parole; when appropriate the parole officer prepares charges of violation of parole in accordance with prescribed procedures; apprehends and arrests parole violators by physically taking the violator into custody and transporting him to an appropriate detention facility; prepares written reports and takes written statements from witnesses or other concerned parties in the gathering and presentation of evidence; and participates in preliminary and final revocation hearings and other legal proceedings in order to present and support charges of violation in accordance with legal mandates. The parole officer represents the interests of the State by serving, in effect, as prosecutor on behalf of the Division.
The institutional parole officer serves as a member of temporary release committees in order to recommend inmates to the facility superintendent for special release programs. He may apprehend and arrest absconders and parole violators by physically taking the violators into custody and transporting them to detention facilities. He may testify at hearings and court proceedings concerning apprehensions and other matters.
As mentioned earlier, parole officers can be assigned to both field and institutional functions and are expected to be able to perform all of the basic duties of the position of parole officer. You have informed us that each year there are reassignments of parole officers between institutional and field positions. In addition to reassignments by the Division, individual parole officers apply for reassignment for personal reasons. While the total number of reassignments vary each year and are not numerous relative to the number of parole officers, you have indicated that during the course of a parole officer's career a reassignment would not be unlikely. Also, in some cases institutional parole officers provide vacation coverage for field parole officers and assist in delinquency work. In some instances, institutional parole officers act as "partners" with field parole officers, undertaking any field supervision task when their field partner is unavailable. Further, there are a small number of institutional parole officers who have partial field case loads.
According to their job description, senior parole officers are employed as the first line supervisors and are assigned to field offices, work release programs or correctional facilities throughout the State.
 "Senior Parole Officers perform a variety of supervisory and administrative functions including: training and development of parole officer staff, evaluating staff performance; supervision of parole casework to assure quantity and quality of casework delivery services; overseeing the parole revocation and rescission process; conducting or supervising investigations; developing rehabilitative resources; issuing parole violation warrants and performing various administrative duties including the maintenance of supervisory controls. Since the parole officers under their supervision perform the basic line tasks of the Division, the role of the Senior is central in determining if and how well their professional duties and responsibilities are being performed" (Consolidated Job Description, Senior Parole Officer).
At approximately six of the smaller correctional facilities, a parole officer, rather than a senior parole officer, is in charge of the parole office. At the remaining facilities, when the senior parole officer is on vacation or is sick a parole officer is in charge of the office.
Supervising parole officers are described as the top administrative officers and managers of parole operations in a specified geographic territory (Updated Job Description, Supervising Parole Officer). They are responsible for supervision of all field and institutional parole staff. Supervising parole officers
 "plan programs and direct line supervisors and staff within their area for the purpose of ensuring that agency goals and objectives are met, that statutory mandates and court decisions are fulfilled and that appropriate social casework precepts are applied in every case with the basic objective of community protection" (ibid.).
In our view, parole officers are public officers subject to the provisions of section 3 of the Public Officers Law (Ring vRodriguez, 141 Misc.2d 164 [1988]). The position and its qualifications are defined by State law. Parole officers are peace officers and possess all of the law enforcement powers of peace officers. Parole officers must be qualified to perform both institutional and field office duties.
Moreover, parole officers have been entrusted with extensive responsibility for ensuring that parolees adhere to the conditions of their release. These are responsibilities that are of great importance to society and involve the exercise of discretion and independent judgment. We believe they are public officers.
We believe it necessarily follows that senior parole officers, the first line supervisors in the parole officer series, and supervising parole officers, the top administrative officers and managers of parole operations in a specified geographic territory, are also public officers. Senior parole officers oversee the carrying out of duties by parole officers and thus play a pivotal role in ensuring that the mission of the agency is accomplished. Supervising parole officers have responsibility for supervising all parole staff in both field and institutional offices within their geographic territory.
We note that these findings are consistent with previous opinions in which we found that certain peace officers employed by the Department of Correctional Services and by the Unified Court System are public officers (1983 Op Atty Gen 16; Formal Opinion No. 89-F4)
We conclude that parole officers, senior parole officers, and supervising parole officers in the Division of Parole are public officers subject to the provisions of section 3 of the Public Officers Law.