OPINION OF THE COURT
Edward H. Lehner, J.
In this CPLR article 78 proceeding, petitioner seeks a judgment annulling the determination of the Commissioner of the Department of Correction (the Commissioner) denying petitioner an administrative hearing and terminating his employment. Respondents have cross-moved to dismiss the petition pursuant to CPLR 3211 (a) (7) and 7804 (f) on the basis that petitioner was properly terminated under Public Officers Law § 30 (1) (e).
Petitioner, a tenured correction officer with the New York City Department of Correction, was arrested in New Jersey in January 1993 and charged with burglary, possession of a weapon and possession of burglar’s tools. He entered a guilty plea to the charge of possession of a weapon (his off-duty firearm), which is classified as a third degree crime in New Jersey, and was sentenced to one year’s probation. Apparently, the other charges were dismissed. Thereafter, petitioner sought to withdraw the guilty plea and he has filed an appeal with respect thereto which was pending at the time of argument of this motion.
Petitioner alleges that he was advised by his probation officer to provide her with a resignation letter which would be kept in his file pending the outcome of the appeal. However, he claims that the resignation letter was improperly given to and accepted by the Department of Correction.
Upon petitioner’s conviction and sentencing in New Jersey, the Commissioner scheduled a disciplinary hearing pursuant to Civil Service Law § 75, but subsequently cancelled the hearing and terminated petitioner, allegedly on the basis of his resignation letter.
Respondents contend that petitioner was properly denied a hearing and terminated pursuant to Public Officers Law § 30 (1) (e), which provides that a public office shall be vacant upon the incumbent’s "conviction of a felony, or a crime involving a violation of his oath of office”. Respondents argue that petitioner’s conviction constituted a felony because New York Penal Law § 10.00 (5) defines a felony as "an offense for which a sentence to a term of imprisonment in excess of one year may be imposed”, and under New Jersey law a person *1037 convicted of a crime in the third degree "may be sentenced to imprisonment * * * for a specific term of years which shall be fixed by the court and shall be between three years and five years” (NJ Stat Annot § 2C:43-6 [a] [3]). Therefore, respondents maintain that based upon the sentencing parameters in New Jersey for a third degree crime, petitioner was convicted of the equivalent to a felony in New York, which thus authorized his termination without a hearing. Respondents also contend that the Commissioner was authorized to terminate petitioner because his conviction constituted a "violation of his oath of office”.
Petitioner counters that his conviction was not equivalent to a felony in New York because he was sentenced to one year of probation pursuant to New Jersey Statutes Annotated § 2C:44-1 (e), which directs the court not to impose a sentence of imprisonment where the defendant is a first-time offender of a third degree offense unless the court finds that imprisonment "is necessary for the protection of the public”.
It has been determined that the crime of which a public official is convicted in another State need not be one which would constitute a felony under New York law in order for it to be deemed the "conviction of a felony” under Public Officers Law § 30 (1) (e). In Matter of Graham v Coughlin (135 AD2d 1014 [3d Dept 1987], affd 72 NY2d 1014 [1988]), a determination that a correction officer was properly terminated based upon his conviction of a Federal felony was upheld, the court finding that there was no requirement that the conviction constitute a felony under New York law, concluding (135 AD2d, at 1015): "Similar language contained in Judiciary Law former § 90 was construed by the Court of Appeals as requiring the automatic disbarment of an attorney upon conviction of a Federal felony despite the fact that there was no State statute matching the Federal felony * * * Although the Judiciary Law was subsequently amended by the Legislature to include only convictions which would constitute felonies under the laws of New York (L 1979, ch 674), the Legislature has not similarly amended the Public Officers Law. Consequently, there is no reason to read such a limitation into Public Officers Law § 30 (1) (e)”. (Citations omitted.) Although there was a strong dissent to the foregoing determination upon its affirmance by the Court of Appeals (including a recommendation for a legislative change), the holding in that case results in a conclusion that petitioner’s termination could properly be based upon a conviction of a crime which is a felony under the laws of another State, but not so classified under the New York Penal Law.
*1038 Here, the crime of which petitioner was convicted is not defined as a felony under either New Jersey or New York law. The New Jersey Code of Criminal Justice classifies crimes by degree: first, second, third and fourth (NJ Stat Annot § 2C:43-1 [a]). The New Jersey "criminal code does not use the word 'felony’ ” (State v Smith, 37 NJ 481, 493 [1962], cert denied 374 US 835 [1963]). Therefore, a comparison based purely upon classification is not possible. Hence, the court must consider other factors.
One factor relied upon by respondents as a means to compare is the possible sentence. Although the New York Penal Law defines felony as an offense which can result in imprisonment in excess of one year, and the sentence for a third degree offense in New Jersey is between three and five years, as a first-time offender, petitioner was not subject to such punishment pursuant to the provisions of section 2C:44-1 (e). Thus, the New Jersey statutory scheme of providing a lesser penalty for a first-time offender is similar to our New York law relating to weapons violations (Penal Law art 265) in that the gravity of the punishment is dependent on whether there was a prior conviction for the offense.
In considering how New York would classify the underlying offense, it is noted that under Penal Law § 265.01 the unlawful possession of a firearm constitutes the "criminal possession of a weapon in the fourth degree”,* a "class A misdemeanor”. Since conviction of such a misdemeanor is punishable by imprisonment of only up to one year, petitioner’s conviction in New Jersey would thus not have amounted to a felony under the analogous provision of our law.
In light of the foregoing, it is concluded that the conviction involved herein of a first-time offender, who was not subject to imprisonment (except under very limited circumstances that were not present in the crime charged), may not be deemed a "felony”, as that term is used in Public Officers Law § 30 (1) (e).
Respondents also argue, albeit weakly and without any supporting authority, that the Commissioner properly terminated petitioner because his conviction violated his oath of office. The Court of Appeals in Matter of Duffy v Ward (81 NY2d 127 [1993]) held that for a misdemeanor conviction to warrant *1039 automatic termination under Public Officers Law § 30 (1) (e), the conduct at issue must indicate "a lack of moral integrity”, and that: "For a crime to be one demonstrating a lack of moral integrity, it must be one involving willful deceit or a calculated disregard for honest dealings. More than intent or a criminal mens rea is needed for summary dismissal; there must be an intentional dishonesty or corruption of purpose inherent in the act prohibited by the Penal Law.” (Supra, at 135.) The Court then concluded that "a lack of moral integrity is not implicit in the elements of criminal trespass”, and that a hearing would be required "so that the extent and nature of his misconduct can be resolved before he is disciplined” (supra, at 135-136).
Similarly, respondents are not entitled to dismissal of this proceeding based upon their contention that the Commissioner could summarily terminate petitioner upon the grounds that his aforesaid conviction violated his oath of office. If the Commissioner seeks to justify termination on that basis, he must first afford petitioner "an opportunity to present his version of the incident before a determination is made on whether dismissal is warranted” (supra, at 133).
Accordingly, respondents’ cross motion to dismiss is denied and they are directed to serve an answer to the petition within 15 days of the date hereof.

 Although the supporting papers state that the guilty plea was to possession of a weapon, the actual weapon was a firearm so this analogy to the New York Penal Law is based upon possession of a firearm.