■ In the Matter of KENNETH SEGARS, Appellant, v CITY OF BUFFALO et al., Respondents. [654 NYS2d 919] —Judgment unanimously modified on the law and in the exercise of discretion and as modified affirmed without costs in accordance with the following Memorandum: In this CPLR article 78 proceeding, petitioner challenges a determination terminating him from his employment as a police officer pursuant to Public Of-

ficers Law § 30 (1) (e), following his conviction of menacing in the second degree. Petitioner seeks a pretermination hearing pursuant to Civil Service Law § 75, as well as reinstatement, restoration of seniority, and back pay pending such hearing, on the ground that menacing is not a "crime involving a violation of his oath of office" (Public Officers Law § 30 [1] [e]). Petitioner appeals from a judgment of Supreme Court that denied his petition but ordered respondents to conduct a hearing to determine whether petitioner should be reinstated.

We conclude that menacing in the second degree (Penal Law § 120.14 [1]) is a "crime involving a violation of [petitioner's] oath of office" (Public Officers Law § 30 [1] [e]). By that oath, petitioner swore to " 'faithfully discharge the duties of the office of' " police officer (NY Const, art XIII, § 1) and, implicitly, "to uphold the laws of New York" (*Matter of Duffy v Ward*, 81 NY2d 127, 134). Commission of menacing in the second degree, i.e., the unjustified display of a firearm to threaten another, evinces a "lack of moral integrity," which is defined as "intentional dishonesty" or "corruption of purpose" (*Matter of Duffy v Ward, supra*, at 135). In our view, a conviction for menacing is as indicative of a lack of moral integrity as a conviction for assault or reckless endangerment (*see, Matter of DeCaro v Ward*, Sup Ct, NY County, index No. 19130/85, *affd without opn* 134 AD2d 967; *Matter of Farnworth v Ward*, Sup Ct, NY County, index No. 20131/86, *affd without opn* 141 AD2d 1011, *lv denied* 72 NY2d 810) and far more indicative of a lack of moral integrity than a conviction for criminal trespass or driving while intoxicated (*see, Matter of Duffy v Ward, supra*, at 135-136; *Matter of Sharkey v Police Dept.*, 179 AD2d 655, 657). Consequently, upon petitioner's conviction for menacing, petitioner's office became vacant and no pretermination hearing was required.

In the exercise of our discretion, we modify the judgment by vacating the directive that respondents hold a hearing to determine whether petitioner should be reinstated. That directive contravenes the statute, which provides that a public officer loses his position automatically upon his conviction, and which provides for a reinstatement hearing only where the conviction has been reversed or vacated (*see*, Public Officers Law § 30 [1] [e]). That directive also defeats the intent of the statute, which is to uphold the public's trust in the integrity of public officers and to avoid a hearing and factual disputes concerning the conduct underlying the conviction (*see, Matter of Duffy v Ward, supra*, at 131, 133).

In light of our disposition, it is unnecessary to reach the par-

ties' remaining contentions. (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—CPLR art 78.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.