OPINION OF THE COURT
Lucy Billings, J.
I. Background
On October 21, 2009, petitioner, then a tenured New York City corrections officer, pleaded guilty in Pennsylvania to stalking. (18 Pa Cons Stat Ann § 2709.1.) On December 22, 2009, petitioner was sentenced to two months to one year of imprisonment followed by probation. The sentence also included anger management counseling and a mental health evaluation. On February 12, 2010, respondent New York City Department of Correction informed petitioner that, according to Public Officers Law § 30 (1) (e), his employment was terminated summarily, retroactive to the date of his sentencing.
In this proceeding pursuant to CPLR article 78, petitioner seeks to annul the summary termination of his employment and compel respondents to conduct a hearing to determine the disciplinary action to be taken against him. (CPLR 7803; Public Officers Law § 30 [1] [e].) Respondents move to dismiss the petition on the ground that the petition fails to state a claim. (CPLR 3211 [a] [7]; 7804 [f].) Although respondents support their motion with documents beyond the petition, many of which are inadmissible as well, petitioner does not object to their consideration. (See Lawrence v Graubard Miller, 11 NY3d 588, 595 [2008]; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Robinson v Robinson, 303 AD2d 234, 235 [1st Dept 2003].) Respondents’ motion also seeks attorneys’ fees, but respondents concede that such relief is not warranted in this context. After oral argument, for the reasons explained below, the court grants the relief respondents seek and dismisses the petition.
II. Standards under Public Officers Law § 30 (1) (e)
Public Officers Law § 30 (1) (e) provides that an office automatically becomes vacant upon the officer’s conviction of a misdemeanor involving lack of moral integrity or a felony. (Matter of Feola v Carroll, 10 NY3d 569, 573 [2008]; Matter of Duffy v Ward, 81 NY2d 127, 135 [1993].) Petitioner’s guilty plea con *783 stitutes a conviction. (CPL 1.20 [13].) Public Officers Law § 30 (1) (e) applies notwithstanding petitioner’s conviction under the law of a jurisdiction other than New York. (E.g. Matter of Ruiz v Regan, 143 Misc 2d 773, 775 [Sup Ct, Albany County 1989]; see Matter of Graham v Coughlin, 72 NY2d 1014, 1015 [1988].)
Consequently, if the offense to which petitioner pleaded guilty constitutes a felony or an offense implying a lack of moral integrity, then respondents were not required to hold a hearing to determine their disciplinary action against petitioner. His office became vacant automatically and without any required government action. (Feola v Carroll, 10 NY3d at 574.)
If, on the other hand, the offense to which petitioner pleaded guilty constitutes neither a felony nor an offense implying a lack of moral integrity, then respondents were obligated to hold a hearing, at which petitioner could present evidence and arguments, before respondents imposed discipline. (Id.) Where the offense reflects the officer’s lack of moral integrity, however, and the public’s interest in its officers’ integrity is weighed against petitioner’s interest in employment, “the balance must be struck in favor of the public[ ].” (Id. at 573.)
III. Petitioner was Convicted of the Equivalent of a Felony
Petitioner pleaded guilty in Pennsylvania to an offense that Pennsylvania law classifies as a misdemeanor of the first degree. (18 Pa Cons Stat Ann § 2709.1 [c].) To determine whether an offense under another state’s law would have been a felony under New York law, the court considers how New York classifies the most similar New York offense and whether the Pennsylvania offense was subject to a sentence of more than one year in prison, the definition of a felony under Penal Law § 10.00 (5). (E.g. Matter of Quaranta v Jacobson, 167 Misc 2d 1035, 1038 [Sup Ct, NY County 1996].)
A. The Most Similar Offense under New York Law is Also a Misdemeanor
The elements of the offense to which petitioner pleaded guilty (18 Pa Cons Stat Ann § 2709.1 [a]), most closely equate to the elements of stalking in the third degree under New York law, which New York also classifies as a misdemeanor. (Penal Law § 120.50.) Although stalking in the second and first degrees are felonies under New York law, these offenses require the use of weapons, an age disparity, previous convictions, or the infliction of actual injuries, none of which is an element of the Pennsylvania statute. (Penal Law §§ 120.55, 120.60.)
*784 B. Based on the Severe Potential Sentence Available under the Pennsylvania Statute Petitioner Violated, the Offense Equates to a Felony under New York Law
Conviction of an offense that another jurisdiction treats with severe potential penalties may satisfy Public Officers Law § 30 (1) (e) even if the violation would be a minor offense or even no criminal offense at all under New York law. (Graham v Coughlin, 72 NY2d at 1015; Quaranta v Jacobson, 167 Misc 2d at 1036.) Therefore the court must consider not only how New York classifies a similar offense, but how severely Pennsylvania punishes the offense. (Quaranta v Jacobson, 167 Misc 2d at 1038.) Just as in evaluating New York’s most similar offense for purposes of Public Officers Law § 30 (1) (e), the court considers the elements of the offense, not the circumstances of petitioner’s commission, so, too, in evaluating whether the punishment fits New York’s definition of a felony, the court considers the maximum penalty that may be imposed, not the sentence actually imposed on petitioner. (Penal Law § 10.00 [5]; Feola v Carroll, 10 NY3d at 573; Duffy v Ward, 81 NY2d at 130.) Penal Law § 10.00 (5) defines a felony as an offense potentially punishable by more than one year in prison. Although a first offense of stalking, absent aggravating factors, constitutes only a misdemeanor of the first degree under Pennsylvania law (18 Pa Cons Stat Ann § 2709.1 [c]), the offense is punishable by up to five years in prison. (18 Pa Cons Stat Ann § 106 [b] [6]; § 1104 [1].) Stalking under Pennsylvania law thus satisfies New York’s definition of a felony.
IV Petitioner’s Offense Implies a Lack of Moral Integrity
As discussed, for purposes of Public Officers Law § 30 (1) (e) the court looks to the elements of the offense, not the specific facts of petitioner’s particular offense. (Feola v Carroll, 10 NY3d at 573; Duffy v Ward, 81 NY2d at 130.) Misdemeanors similar to stalking impugn an officer’s moral integrity, even in the absence of specific falsehoods or corruption through fraud, perjury, or bribery, for example. (Matter of Pirozzi v Safir, 270 AD2d 2 [1st Dept 2000] [aggravated harassment]; Matter of Segars v City of Buffalo, 237 AD2d 910 [4th Dept 1997] [menacing].) Although this authority predates Feola v Carroll (10 NY3d at 573), which held that child endangerment implied a lack of moral integrity, the Court of Appeals nowhere suggests that offenses involving harm to minors are the only misdemeanors that impugn integrity. Instead, the Court of Appeals emphasizes the willfulness of the harm inflicted.
*785 Thus a lack of moral integrity is not implicit in criminal trespass because the offense may arise in the heat of argument or from “an unreasonable belief that one had license to enter or remain.” (Duffy v Ward, 81 NY2d at 135.) In contrast, the Pennsylvania stalking statute requires a course of conduct or repeated commission of the elements of the offense. This definition precludes the possibility that the offense arose suddenly in the heat of an argument. (18 Pa Cons Stat Ann § 2709.1 [a].) The Pennsylvania statute’s requirement that the offender intended to place the victim in fear or emotional distress also precludes the possibility that the offender mistakenly believed he had license to commit the acts that placed the victim in fear or distress. (Id.)
Petitioner’s suggestion that, because the victim of his offense was a “former adult female companion,” the offense is “much more akin to a civil domestic dispute than criminal behavior,” if not outright offensive, is a discarded and regrettable misconception of the past. (Petition 11 21.) A crime does not become less serious or cease to be a crime because the victim is female and once was associated with the offender. The Pennsylvania statute’s elements do not exclude domestic contexts or acquaintances. Contrary to petitioner’s suggestion, were the court permitted to consider the particular offense’s circumstances rather than just its elements, petitioner’s acquaintance with his victim is likely a more aggravating than mitigating circumstance. His acquaintance with his victim suggests a betrayal of his former companion’s confidence and trust. That betrayal highlights his lack of moral integrity, implying that petitioner “lacks the capacity to swear honestly or has no serious intention of abiding by [the] promises” of his oath of office, such that “the very act of taking the oath is rendered meaningless.” (Duffy v Ward, 81 NY2d at 134.)
V Conclusion
For the foregoing reasons, the court grants respondents’ motion to dismiss the petition and dismisses this proceeding. (CPLR 3211 [a] [7]; 7803, 7806.)