■ In the Matter of MICHAEL RODRIGUEZ, Appellant, v DORA SCHRIRO et al., Respondents. [944 NYS2d 536]—

Judgment, Supreme Court, New York County (Lucy Billings, J.), entered April 14, 2011, dismissing the proceeding brought pursuant to CPLR article 78 seeking, inter alia, to annul the summary termination of petitioner's employment as a correction officer or, in the alternative, to compel respondents to conduct an evidentiary hearing, unanimously affirmed, without costs.

Petitioner, a correction officer employed by respondent New

York City Department of Correction, pleaded guilty in Pennsylvania to stalking, which is a first degree misdemeanor (*see* 18 Pa Cons Stat Ann § 2709.1 [a] [2]; [c] [1]). Pursuant to Public Officers Law § 30 (1) (e), his employment was terminated summarily. In this proceeding pursuant to CPLR article 78, petitioner seeks to annul the summary termination and be reinstated to his position with back pay and benefits, or in the alternative, to compel respondents to conduct a hearing to determine the disciplinary action against him. The motion court concluded that summary termination was appropriate and we now affirm.

Public Officers Law § 30 (1) (e) provides that an office automatically becomes vacant upon the officeholder's conviction of a felony, or a crime involving a violation of his oath of office. Here, the applicable section of the Pennsylvania criminal statute provides that "[a] person commits the crime of stalking when the person . . . (2) engages in a course of conduct or repeatedly communicates to another person under circumstances which demonstrate or communicate either an intent to place such other person in reasonable fear of bodily injury or to cause substantial emotional distress to such other person" (18 Pa Cons Stat Ann § 2709.1 [a]).

In *Matter of Feola v Carroll* (10 NY3d 569 [2008]), the Court of Appeals noted that the critical inquiry is whether the definition of the misdemeanor, without consideration of the underlying facts, contains an element "which includes 'knowing or intentional conduct indicative of a lack of moral integrity' " (*id.* at 572-573, quoting *Matter of Duffy v Ward*, 81 NY2d 127, 135 [1993]). In *Feola*, the Court found that a conviction for endangering the welfare of a child, committed outside the line of duty, warranted summary termination because "one who knowingly engages in conduct likely to be injurious to a child's welfare would be deemed wanting in moral integrity" (*Feola*, 10 NY3d at 573). Similarly, a person who engages in the crime of stalking can be considered as wanting in moral integrity and not worthy of public confidence and trust (*see Matter of Pirozzi v Safir*, 270 AD2d 2 [2000], *lv denied* 95 NY2d 756 [2000] [aggravated harassment in the second degree]; *Matter of Segars v City of Buffalo*, 237 AD2d 910 [1997] [menacing in the second degree]). Although petitioner seeks to distinguish this Court's ruling in *Pirozzi* by noting that the crime there was committed in the line of duty, the *Feola* decision requires rejection of such a distinction.

Summary dismissal for conviction of a crime involving a violation of the oath of office requires "an intentional dishonesty or

corruption of purpose inherent in the act prohibited by the Penal Law" (*Matter of Duffy*, 81 NY2d at 135 [criminal trespass not a misdemeanor that can be considered facially as a crime involving a violation of the oath of office]). Stalking is not a crime that occurs in the heat of the moment or that involves a single incident. Nor by the definition of the crime does it involve acts that have an innocent purpose. It is a course of conduct or a series of repeated acts that demonstrate an intent to place another person in reasonable fear of bodily injury or to cause substantial emotional distress to that person.

In light of our determination that petitioner's conviction involves a violation of the oath of office, we need not reach respondents' alternative argument that this crime, which is denominated a misdemeanor, is actually a felony because Pennsylvania law permits a sentence to a term of imprisonment in excess of one year. Concur—Andrias, J.P., Friedman, Acosta, Freedman and Richter, JJ. **[Prior Case History: 34 Misc 3d 781.]**